254 A.2d 90.

ROBERT E. PELLETIER *vs.* JAMES F. WILLIAMSON, *Registrar of Motor Vehicles.*

JUNE 3, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This proceeding was brought in the superior court when the registrar of motor vehicles suspended the plaintiff's license to operate a motor vehicle. What prompted the suspension was receipt in the registry of an abstract of a district court record showing that the plaintiff had been sentenced to pay a fine of $100 and costs upon his plea of nolo contendere to a charge of operating a motor

vehicle while under the influence of liquor. The plaintiff appealed to the superior court from that sentence and the thrust of this action is that the appeal deprived the district court's conviction of that degree of finality which is a precondition to a license revocation under the statutory provisions upon which the registrar relied.[1] The case was heard on the merits by a superior court justice sitting without a jury, the relief requested was denied, and the plaintiff appealed.

The plaintiff concedes that an application for a writ of certiorari and not an appeal is the sole method whereby this court's jurisdiction may be invoked in a proceeding originating before a governmental agency and passed upon by the superior court under the judicial review provisions of the Administrative Procedures Act. (G. L. 1956, §42-35-1 et seq., as amended).[2] He argues, however, that this is not a proceeding for a judicial review of an administrative action, but is instead an independent civil action for equitable relief from an allegedly unlawful and arbitrary suspension of his operator's license. He looks for authority to the second sentence of §42-35-15(a), as amended, which reads: "This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law."

The fatal weakness with the position plaintiff takes is that it was rejected by this court initially in *Nocera Bros. Liquor Mart, Inc.* v. *Liquor Control Hearing Board,* 100

---

[1]The provision relied upon was G. L. 1956, §31-11-7 (a) (1) which authorizes suspension without necessity for a preliminary hearing upon a showing that a licensee has committed an offense for which mandatory revocation is required. Such a revocation is mandated by §31-11-6 whenever a licensee has been *finally convicted* of driving a motor vehicle while under the influence of intoxicating liquor.

[2]*Rebello* v. *Registry of Motor Vehicles,* 104 R. I. 518, 247 A.2d 311; *Savings Bank of Newport* v. *Hawksley,* 103 R. I. 741, 241 A.2d 806; *King* v. *Williamson,* 103 R. I. 640, 240 A.2d 408.

R. I. 644, 218 A.2d 659 and more recently in *Yellow Cab Co. v. Public Utility Hearing Board,* 101 R. I. 296, 222 A.2d 361. In those cases we held that the language to which plaintiff looks, although a savings clause, preserves only existing provisions for administrative review within an agency and that, barring *peculiar circumstances,* the first and third sentences of §42-35-15(a),[3] as amended, provide the exclusive method for obtaining judicial review of administrative decisions.

We rule out, also, any argument that the possible oppressive consequences which plaintiff might have suffered pending permissible judicial review of the registrar's action brought this case within the *peculiar circumstances* exception and thereby justified an independent civil action for equitable relief. Such an argument would weigh heavily if there were no means available within the framework of the Act whereby such consequences might have been avoided. But that is not the case inasmuch as §42-35-15(c)[4], as amended, provides ample authority for either the agency or the superior court to stay the enforcement of a summary suspension order or of an affirmatory order which issues

---

[3]Section 42-35-15 (a), as amended, provides: "Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. Any preliminary, procedural, or intermediate agency act or ruling is immediately reviewable in any case in which review of the final agency decision would not provide an adequate remedy."

[4]Section 42-35-15 (c), as amended, reads as follows: "The filing of the complaint does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms."

following the kind of agency hearing which the plaintiff in this case requested and was granted.[5]

The plaintiff's appeal is denied and dismissed.

*Samuel A. Olevson,* for plaintiff.

*Herbert F. DeSimone,* Attorney General, *Charles G. Edwards,* Assistant Attorney General, for defendant.

[5]Under §31-11-7 (b) a person whose license has been summarily suspended pursuant to §31-11-7 (a) (1), n. 1, is entitled to request an agency hearing and after such hearing the registry "* * * shall either rescind its order of suspension or, good cause appearing therefor, may continue, modify or extend the suspension of such license or revoke such license."