329 A.2d 197.

EASTERN VAN LINES *d/b/a* ACUSHNET VAN & STORAGE, INC. *vs.* JOHN H. NORBERG, *Tax Administrator.*

DECEMBER 16, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an action for declaratory judgment to determine the validity of a regulation issued by the defendant tax administrator. The plaintiff filed this complaint under the provision of G. L. 1956 (1969 Reenactment) §42-35-7 of the Administrative Procedures Act.[1]

The complaint discloses the following facts. The plaintiff is engaged in the movement of household goods in

---

[1]General Laws 1956 (1969 Reenactment) §42-35-7 of the Administrative Procedures Act reads:

"Declaratory judgment on validity or applicability of rules.—The validity or applicability of any rule may be determined in an action for declaratory judgment in the superior court of Providence county, when it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question."

We note that this action was not commenced under the Uniform Declaratory Judgments Act, G. L. 1956 (1969 Reenactment) §9-30-1.

intrastate and interstate commerce. In the course of its business it purchases boxes, cartons, crates and packing materials of various kinds, and in the handling of shipments for its customers, charges them specifically for each carton used.

The defendant has issued a regulation which subjects these materials to the sales or use tax.[2] Pursuant to the regulation defendant issued a "Notice of Deficiency" against plaintiff for the collection of the tax, alleging that plaintiff owed a total of $6,518.99 in tax, interest and penalties. The plaintiff thereupon requested an administrative hearing on the ground that the regulation was invalid. The plaintiff subsequently brought the instant action for declaratory judgment. Although applicable only to a specific period of time, the issues which would be raised in the administrative hearing are essentially the same as those raised by the action for declaratory judgment.

The defendant filed a motion to dismiss plaintiff's complaint under Super. R. Civ. P. 12(b)(1) on the ground that the Superior Court did not have jurisdiction over the subject matter of the complaint. The plaintiff thereupon moved to strike defendant's motion to dismiss under Super. R. Civ. P. 11.

---

[2]The regulation issued by the tax administrator under the sales and use tax law, which is entitled "Moving Companies—Crating Material," reads as follows:

"Lumber and other materials purchased by moving or hauling companies, whether purchased from local or out-of-state suppliers, and which are used in Rhode Island to make up crates or other packaging devices for moving, hauling or shipping furniture, machinery or other items, are subject to the sales or use tax, notwithstanding the fact that such crates or devices are used to move, haul, or ship such items from points within Rhode Island to points outside Rhode Island, and notwithstanding the further fact that such crates or devices are not returned to this state."

After a hearing on those motions, the trial justice granted defendant's motion to dismiss without prejudice to plaintiff's right, if aggrieved, to prosecute an appeal from the decision in the pending administrative hearing. He also denied plaintiff's motion to strike. An order was entered pursuant to the trial justice's decision. The case is before us on plaintiff's appeal from that order.

In urging error, plaintiff argues that §42-35-7 specifically and conclusively confers jurisdiction in the Superior Court whether or not plaintiff has requested an administrative hearing. It relies on the last sentence in §42-35-7, which provides:

> "A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question."

The plaintiff concludes that this sentence indicates an express legislative intent that both administrative and judicial proceedings may be pending simultaneously involving questions of validity or applicability of a regulation.

Assuming, without deciding, that plaintiff's interpretation is correct, it does not follow that the language of §42-35-7 mandates that the Superior Court must entertain the action for declaratory judgment. The express language of that statute specifically states that "[t]he validity or applicability of any rule *may* be determined in an action for declaratory judgment * * *." (emphasis added) By the use of this language the Legislature clearly intended to give the Superior Court discretionary power.

The trial justice expressly noted that in passing on the motions before him, he was exercising a discretion conferred upon the court by virtue of the declaratory judgment statute. After noting that plaintiff had already re-

quested the administrative hearing, the trial justice stated that the Administrative Procedures Act, with provision for appeal to the Superior Court, provided an adequate remedy. *See* §§42-35-9 through 42-35-13. He also noted that there were certain factual issues which properly should be determined in the first instance by the tax administrator. He then observed that the Legislature in G. L. 1956 (1969 Reenactment) §42-35-15(g)(5) provided that the factfinding of the administrative agency is conclusive unless clearly erroneous. In deference to this policy as well as to the factfinding expertise of the tax administrator, he granted defendant's motion to dismiss without prejudice.

On the record we cannot say that the trial justice abused his discretion or acted arbitrarily in favoring the administrative hearing route provided under §42-35-9 over collateral court action under §42-35-7. There are no peculiar circumstances to bring the instant case within the peculiar circumstance exception of *Pelletier* v. *Williamson,* 105 R. I. 633, 254 A.2d 90 (1969).

The plaintiff urges that *Frank Ansuini, Inc.* v. *City of Cranston,* 107 R. I. 63, 264 A.2d 910 (1970) supports his view. His reliance on that decision is misplaced. In *Ansuini* a civil complaint comparable to a petition for declaratory judgment was entertained by this court. The petition alleged patent invalidity of a planning commission's rules and regulations. We stated that the determination of that issue was for the courts, making exhaustion of administrative procedures unnecessary. One crucial factor in *Ansuini* was the fact that the administrative agency in question had no power to hold its own rule invalid. This situation is not present here since the tax administrator can determine that the regulation is invalid.

Furthermore, as noted above, we are not deciding in this case the issue of exhaustion of administrative pro-

cedures since we are assuming, without deciding, that both the hearing and the petition for declaratory judgment could be contemporaneous. Hence, *Frank Ansuini, Inc.* v. *City of Cranston, supra,* is clearly distinguishable from the case at bar.

The plaintiff's appeal is denied and dismissed.

*Strauss, Factor, Chernick & Hillman Professional Corporation, William C. Hillman, Robert P. Verri,* for plaintiff.

*Richard J. Israel,* Attorney General, *W. Slater Allen, Jr.,* Asst. Attorney General, *Perry Shatkin,* Chief Legal Officer (Taxation), for defendant.