341 A.2d 752.

IN RE JOHN M. RONEY.

JULY 23, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. John M. Roney was admitted to the bar of the Commonwealth of Virginia in April 1968 after passing that state's bar examination. Later, in February 1969, he became a member of the federal bar and was permitted to practice law in the District of Columbia. At that time, he joined the Neighborhood Legal Services of the District

of Columbia, Inc., where he served as a staff attorney. On October 5, 1970, he moved to Rhode Island and became associated with the Rhode Island Legal Services, Inc. (R. I. L. S. or the corporation). We gave him "special permission" to practice law in this jurisdiction during the period of his association with R. I. L. S. *In re Roney,* 107 R. I. 924, 269 A.2d 548 (1970). During the ensuing years, Roney has appeared in all of the courts of Rhode Island and by virtue of our license, he has practiced before the United States District Court for the District of Rhode Island, the United States Court of Appeals for the First Circuit, and the United States Supreme Court.

On September 26, 1974, Roney, relying on the provisions of our Rule 34, applied to the Board of Bar Examiners for admission to the bar of this state by way of motion. Rule 34 authorizes the filing of such a motion by anyone who has been a member of the bar of the highest judicial court of any state, district, or territory of the United States for at least 5 years, and who has been engaged in the actual practice or teaching of law for at least 5 of the 10 years immediately preceding the filing of the petition.

Roney based his 5-years' practice on the 1 year and 6 months he spent as a staff attorney in the District of Columbia and the years he has been associated with R. I. L. S. The board found that Roney qualified in all respects but one. It refused, with two members dissenting, to credit Roney with the time he has spent here in Rhode Island practicing under the special license issued him by this court. The board expressly declined to exercise its authority to waive compliance with any of its rules and denied Roney's application. The board's denial rested on two grounds: (1) the services performed by Roney because of his association with R. I. L. S. do not satisfy the "actual practice" requirement of Rule 34; and

(2) this court never intended that a practice of law which was authorized by a special license could be counted towards the 5-year requirement of the rule.[1] The question of the correctness of the board's conclusions can be resolved only after we detail the history of our rule governing admission by motion and the background of events which caused us to issue the so-called special license.

Our Rule 34 was adopted on January 15, 1969. It replaced a former rule which allowed admittance on motion to any person who had been engaged in the "general practice" of the law 10 years out of the 15 years immediately preceding the filing of the application within the jurisdiction to which he had been admitted to practice. *See In re Jackson & Shields*, 95 R. I. 393, 187 A.2d 536 (1963). The 1969 amendment reduced the requisite number of years of practice from 10 to 5, eliminated the stipulation that the requisite years of practice had to occur within the jurisdiction where the applicant was admitted, and changed the practice requirement from one of "general practice" to one of "actual practice or teaching of the law." This last change was to remove any doubt as to the eligibility of a specialist to seek the benefit of the motion. We deleted the "within" provision because we recognized that some of the applicants might be seeking admission by virtue of the years spent in the practice of law in jurisdictions other than the ones which issued their original licenses, while others might be lawyer-teachers whose pedagogical pursuits might have taken them to educational institutions far from the jurisdiction where they first were admitted to practice.

---

[1] Although it did not rely upon it as a ground for the denial of Roney's petition, the board in its brief states that it continues to interpret Rule 34 as requiring the practice of law to have been conducted solely within the jurisdiction in which the applicant is admitted to practice. This interpretation is erroneous and directly contrary to the language of our rule.

When we amended our rule on admission by motion, R. I. L. S. was not in existence. The corporation was established by a special act of the General Assembly at its January 1969 session. The act became law on February 28, 1969. Sometime thereafter the corporation began to function.

On September 11, 1969, the then chairman of the Board of Directors of R. I. L. S. Richard M. Borod wrote to Arthur H. Feiner, the then chairman of the Board of Bar Examiners. He informed Mr. Feiner that the corporation would have a staff of full-time attorneys and the assistance of two or three attorneys who are "Reginald Heber Smith Fellows." He explained that the Fellows are outstanding law school graduates who as a condition to receiving their fellowships agree to work for at least a year or two with programs such as that operated by R. I. L. S. Mr. Borod stressed the importance of allowing them to practice law in this jurisdiction while serving their fellowships. His letter was supplemented by copies of rules adopted by other jurisdictions. Included was a copy of a proposed rule for Pennsylvania which provided that a graduate from an approved law school who was associated "with a recognized legal services program providing legal assistance to indigents in civil matters and who is the member of a court of last resort of another state could practice before the Pennsylvania courts." Permission to practice under this draft would cease once the attorney was no longer associated with the program, and in no event could such permission remain in effect for more than 2½ years. The Pennsylvania Supreme Court later adopted the draft rule but modified the 2½ year stipulation by providing for an extension of that period in "special situations for good cause shown." The rule is now found in Pa. Sup. Ct. Rule 10.

On September 23, 1969, the examiners notified us that they believed Mr. Borod's request deserved serious consideration and conceded that affirmative action on the request was within the exclusive province of this court rather than that of the bar examiners. The three Smith Fellows were Barry A. Fisher, John A. Nelson, and Peter W. Thoms.

On October 7, 1969, Fisher wrote to this court through a letter addressed to the Chief Justice and asked that we adopt a rule permitting the Fellows to practice with R. I. L. S. without examination. He also referred to the Pennsylvania rule.

Rather than promulgate a rule, we decided to consider special license petitions on an ad hoc basis. Accordingly, on November 24, 1969, Fisher filed a petition in which he asked that he be permitted to practice law in Rhode Island for the duration of his association with R. I. L. S. His petition was consolidated and heard with the petitions of Nelson and Thoms. An order was entered on December 19, 1969, granting Fisher special permission to practice law within Rhode Island during the term of his association with R. I. L. S. *In re Fisher*, 106 R. I. 825, 259 A.2d 843 (1969). The order specifically stated that "[a]dmission to practice under this order shall terminate whenever the petitioner ceases to be associated with the corporation.".

The special license issued to Fisher was the first of several such licenses which we have issued to individuals who are admitted to practice in other jurisdictions and wish to join the staff at R. I. L. S. Each license issued provides that it is operative only so long as its holder is associated with R. I. L. S. It is by virtue of this license that Roney has practiced law in Rhode Island.

Nelson and Thoms decided to take the September 1969 bar exam and they filed the necessary applications. The

applications were a source of litigation. *In re Nelson &
Thoms,* 106 R. I. 355, 259 A.2d 839 (1969). There the
critical issue was whether Nelson and Thoms had satisfied
the requirement that an applicant, if admitted to practice,
intended to practice law in Rhode Island. In holding that
Nelson and Thoms had satisfied this requirement, we held
that the legal services they would perform during their
association with R. I. L. S. was the practice of law con-
templated by our rules.

It is clear, therefore, that the staff attorney for R. I. L. S.
who has followed in the footsteps of Fisher, Nelson, and
Thoms has been engaged in the "actual practice of law."
In addition, we must in this case take our orders as they
are written. At no time were we as explicit as the rule
makers in Pennsylvania. We see no reason to question
Roney's good faith in his seeking admission by way of
motion. When we include the services he has rendered
at R. I. L. S., he has been engaged in the "actual practice"
of the law for over 5 years preceding the filing of his
application. He has satisfied the literal requirements of
the rule and is entitled to the benefit of the rule.

In making this observation we point out a difference
between Roney's petition and the one considered by us
in *In re Church,* 111 R. I. 425, 303 A.2d 758 (1973).
Church sought credit under Rule 34 for time he had spent
practicing law in Rhode Island. We declined to give him
this credit because his Rhode Island practice had not been
authorized by this court or the bar examiners. Roney's
Rhode Island practice, however, had received approval
by the court. *In re Roney, supra.*

Having resolved Roney's dilemma, we will now do what
we failed to do following our acceptance of Fisher's sug-
gestion. We will amend Rule 34 so that any special license
to practice which is issued by this court and is similar to
those granted individuals such as Fisher and Roney shall

remain in effect for a period of not more than 2 years and those special licenses which are presently outstanding shall expire 2 years from the publication of the amended rule.

In conclusion, we in no way wish that our actions here should be seen as our faulting the board for the conclusion it reached. If there is fault to be found, it is with us, who in issuing our special license orders were not as specific or as thorough as we should have been. In fact, we take this opportunity to commend and thank the bar examiners for the exemplary fashion in which they assist us in the discharge of a most important responsibility.

The appeal of the petitioner is sustained.[2]

Mr. Justice Doris, dissenting. I agree with the position taken by the Board of Bar Examiners in denying the petitioner's motion for admission to the bar of this state without examination. In my opinion, service by the petitioner with Rhode Island Legal Services, Inc., does not satisfy the "actual practice requirement" provision of Supreme Court Rule 34. In addition, I believe that it was never

---

[2]When Roney's petition came on for oral argument, Aram K. Berberian appeared and filed a written objection to Roney's licensure. Roney filed a response plus a supporting affidavit of Ruth E. Coolbeth. Berberian countered with a response to Roney's response. We find no merit in Berberian's objection. We see no reason why this proceeding should become a vehicle whereby yet another chapter may be added to the already lengthy and litigious controversy existing between Berberian, R. I. L. S., and its attorneys. This controversy which apparently had its inception with *Coolbeth* v. *Berberian,* 112 R. I. 558, 313 A.2d 656 (1974), has reached the point where a justice of the Superior Court has found Berberian guilty of contempt—a matter which is presently awaiting argument before us and where Berberian has brought suit in the Federal District Court for the District of Rhode Island in which he alleges that Coolbeth and Roney have conspired to injure him through the use of a beneficiary of federal funding, to wit, R. I. L. S. Berberian, in addition to seeking money damages against Coolbeth and Roney, asks that the corporation and its staff be enjoined from further participation in his appeal concerning the contempt finding.

intended by this court that time spent operating under a special license such as that enjoyed by the petitioner could be counted as fulfilling the 5-year requirement of Rule 34. I am not persuaded that the petitioner was in any way misled by the rule, nor can I agree that he would be in any way prejudiced by our requiring strict compliance therewith.

The action of the majority in granting the petitioner's motion does not seem to me to be justifiable under all the circumstances. I therefore respectfully dissent.

*Cary J. Coen,* for petitioner.

*Alfred B. Stapleton,* Chairman, Board of Bar Examiners, for respondent.