**372 A.2d 66.**

Diane N. Giacomini *vs.* Dr. Joseph Bevilacqua *et al.*

APRIL 7, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This case comes before us on appeal[1] from a preliminary mandatory injunction issued by the Superior Court of Providence County on May 28, 1975. The injunction provides that the plaintiff (Diane) is an emotionally disturbed child and that the defendant Bevilacqua, Director of the Department of Mental Health, Retardation, and Hospitals (MHRH), is ordered to provide, or pay for, a suitable psychiatric and educational program for her.

Only a brief recitation of the facts is necessary at this point to put the case in its proper perspective. Diane Giacomini, now 20 years old, filed a complaint[2] in Superior Court on April 24, 1975, alleging that she was emotionally disturbed within the meaning of G.L. 1956 (1969 Reenactment) §40.1-7-1 et seq. and that MHRH and the School Committee of the City of Cranston were refusing to provide her with educational and psychiatric care. In a letter dated May 7, 1975, MHRH found plaintiff ineligible for

---

[1] G.L. 1956 (1969 Reenactment) §9-24-7 provides for appeals to the Supreme Court from the granting of such relief.

[2] Her father, appointed as guardian ad litem for Diane, pursued the cause on her behalf.

treatment under that provision as, in its opinion, she was not emotionally disturbed. On the evidence before it, the trial court found otherwise, and this present appeal resulted.

This proceeding is clearly governed by the Administrative Procedures Act. *Naughton* v. *Goodman,* 117 R.I. 113, 363 A.2d 1345 (1976). The exclusive means of obtaining judicial review and relief, barring peculiar circumstances, is therefore governed by §42-35-15. *Pelletier* v. *Williamson,* 105 R.I. 633, 254 A.2d 90 (1969). Assuming arguendo that the trial justice had the authority under this section to grant the extraordinary preliminary relief that he did, we find the propriety of his determination, at best, questionable.

The granting of a preliminary injunction which merely preserves the status quo between the parties pending a hearing on the merits will not be disturbed on appeal absent a showing of an abuse of the trial court's discretion. *Gilbane Bldg. Co.* v. *Cianci,* 117 R.I. 317, 366 A.2d 154 (1976); *Menard* v. *Woonsocket Teachers' Guild - AFT,* 117 R.I. 121, 363 A.2d 1349 (1976); *Coolbeth* v. *Berberian,* 112 R.I. 558, 313 A.2d 656 (1974). However, "[w]hen an injunction mandatory in its nature is asked for, a stricter rule obtains. Owing to the extraordinary character of the remedy it should be granted on preliminary application only in cases of great urgency and when the right of the complainant is very clear." *Smart* v. *Boston Wire Stitcher Co.,* 50 R.I. 409, 415, 148 A. 803, 805 (1930).

The right of the plaintiff in this case to be placed in a facility at the expense of MHRH is simply not clear. Not only are there constitutional issues raised concerning her right to treatment and education, but also there are questions dealing with the effect of a lack of legislative funding impinging upon statutory obligations. Finally, it is unclear with whom the ultimate responsibility of providing

for Diane rests: MHRH or the city of Cranston.[5] These are questions of great import to this case and should be properly raised, in the first instance, at the Superior Court level. Section 42-35-15(g)(1). Although we sympathize with the Giacominis' plight, the complexity of the issues raised by their case simply precludes the type of relief granted by the trial justice.

The defendant's appeal is granted, the order is vacated, and the case is remanded to the Superior Court for a full hearing on the merits.

*Oster, Espo, Fay & Groff, Irving N. Espo, George M. Prescott,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *Richard B. Woolley,* Special Asst. Attorney General, for defendants.

---

[5]In this regard, we do not even have a brief from the city to assist us, as they did not appeal from the issuance of the trial court's preliminary mandatory injunction.