Jeffrey B. PINE et al.

v.

Peter KALIAN et al.

No. 98–146–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 1998.

Donald J. Nasif; Lloyd A. Rustigian, Johnston.

Terence J. Tierney, Providence, Gregory A. Mancini, Riverside.

### ORDER

This case came before a panel of the Supreme Court on October 20, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendants, Peter Kalian and Robert Kalian, have appealed from the entry of an order granting a preliminary injunction requiring the defendants to abate all lead hazards from their premises at 11–13 Moore Street in Providence. The plaintiffs are the Attorney General of Rhode Island and the

Director of the Department of Health. After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

For at least 10 years, defendants have owned or controlled the subject premises that repeatedly were the subject of numerous housing code violations. In addition, significant amounts of lead on the premises have been found to constitute a hazard to the public and to children, in particular. In February, 1998, after trial in the Superior Court, a preliminary injunction was granted requiring defendants to engage a licensed lead abatement contractor for removal of the lead hazard and to place all rental revenues in an escrow account for the purpose of financing the cost of the abatement. This Court denied a motion to stay the order granting the injunction and pursuant to G.L.1956 (1997 Reenactment) § 9–24–7 placed this appeal on an expedited basis. The parties were directed to submit memoranda for consideration.

In deciding plaintiffs' motion for preliminary injunctive relief, the trial justice found that plaintiffs demonstrated a substantial likelihood of success on the merits, that the persistence of the continuing hazard of lead paint presents immediate and irreparable harm to the public so long as that hazard remains unabated, and that defendants will suffer no greater hardship than that of any other residential rental property owner who has removed lead paint.

It is our opinion that the trial justice carefully evaluated the essential factors in assessing the propriety of granting the injunction. He described defendants as "obstructive" and "noncompliant * * * to the point of out-right defiance," citing their numerous past violations and their knowing and deliberate refusal to comply with court orders. It is our conclusion that the arguments raised by defendants in their appeal of the decision of the Superior Court granting plaintiff's preliminary injunction are without merit.

This Court explained in *Giacomini v. Bevilacqua*, 118 R.I. 63, 372 A.2d 66, 67 (1977),

" 'The granting of a preliminary injunction which merely preserves the status quo between the parties pending a hearing on the merits will not be disturbed on appeal absent a showing of an abuse of the trial court's discretion. * * * However, [w]hen an injunction mandatory in the nature is asked for, a stricter rule obtains. Owing to the extraordinary character of the remedy it should be granted on preliminary application only in cases of great urgency and when the right of the complainant is very clear.' *Smart v. Boston Wire Stitcher Co.*, 50 R.I. 409, 415, 148 A. 803, 805 (1930)."

The findings of the trial justice clearly support the issuance of a mandatory injunction in this case. Therefore, we deny and dismiss the defendants' appeal and affirm the judgment of the Superior Court to which we remand the papers in the case for further proceedings.

Justices FLANDERS and GOLDBERG did not participate.