Germano DiDONATO

v.

Paul KENNEDY et al.

No. 2002–94–Appeal.

Supreme Court of Rhode Island.

May 15, 2003.

**180**

Keven McKenna, Providence, for Plaintiff.

Lauren E. Jones, Providence, Gregory A. Madoian, Cranston, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., and SHEA, J. (Ret.).

## OPINION

PER CURIAM.

This appeal from the entry of a preliminary injunction came before the Court for oral argument on April 7, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time.

The case involves an ongoing feud between plaintiff, Germano DiDonato (DiDonato), and his neighbors and defendants, Paul Kennedy (Paul) and Gina Kennedy (Gina) (collectively, the Kennedys). Gina appeals from the entry of a preliminary injunction that restrains and enjoins her:

> "from any and all direct and indirect contact with Mr. DiDonato, other than contact necessitated by their pending boundary dispute, litigation, and unintentional, incidental contact necessitated by virtue of the proximity of their neighboring homes."[1]

The bickering between the parties began shortly after DiDonato and his wife moved into the neighborhood in 1999. Initially, the DiDonatos complained to the Kennedys about their barking dog. Apparently, the complaint was not well received. Approximately one month later, DiDonato had a survey conducted on his property. The survey revealed that the Kennedys' fence encroached upon the DiDonato property by about two feet. DiDonato demanded that the Kennedys remove the offending fence from his property. Paul responded with colorful language that DiDonato did not appreciate. He retaliated by threatening Paul. Tensions escalated between the neighbors as numerous petty, tit-for-tat actions took place between DiDonato and Gina.

Ultimately, on June 13, 2001, the Kennedys filed a *pro se* action against DiDonato

---

1. The hearing justice also entered a preliminary injunction against Germano DiDonato (KC 01–511) to refrain from similar conduct with respect to Gina Kennedy. No appeal was taken from the entry of that preliminary injunction.

in Superior Court seeking injunctive relief and an *ex parte* temporary restraining order (TRO). The TRO was granted. The following day, June 14, 2001, DiDonato filed a reciprocal *pro se* action seeking and obtaining similar relief against both Kennedys. The mutual TROs were renewed several times before a hearing was conducted on the prayers for preliminary injunctions.

At the hearing, testimony was given by both of the DiDonatos and both of the Kennedys, as well as by the Kennedys' eleven-year-old son. At the conclusion of the testimony, the hearing justice granted two preliminary injunctions, the first in favor of the Kennedys against DiDonato, the other in favor of DiDonato against Gina. The hearing justice denied DiDonato's prayer for a preliminary injunction against Paul.

■ "We have long recognized that an application for temporary injunctive relief is 'addressed to a trial justice's sound discretion.'" *Fund for Community Progress v. United Way of Southeastern New England,* 695 A.2d 517, 521 (R.I.1997) (quoting *Coolbeth v. Berberian,* 112 R.I. 558, 564, 313 A.2d 656, 660 (1974)). "Upon review, we will not disturb the exercise of a hearing justice's discretion on an application for a preliminary injunction unless it is reasonably clear that the hearing justice illegally exercised his or her discretion, or has abused his or her discretion." *Id.*

■ In determining whether to grant a preliminary injunction, a hearing justice should consider and resolve "each of the appropriate preliminary-injunction factors without abusing [his or] her discretion in doing so." *Iggy's Doughboys, Inc. v. Giroux,* 729 A.2d 701, 705 (R.I.1999). Accordingly,

"in deciding whether to issue a preliminary injunction, the hearing justice should determine whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo." *Id.* (citing *Fund For Community Progress,* 695 A.2d at 521).

In determining the reasonable likelihood of success on the merits, we do not require the moving party to establish "a certainty of success[;]" rather, "we require only that [it] make out a prima facie case." *Fund For Community Progress,* 695 A.2d at 521. Additionally,

"[i]n considering the equities, the hearing justice should bear in mind that 'the office of a preliminary injunction is not ordinarily to achieve a final and formal determination of the rights of the parties or of the merits of the controversy, but is merely to hold matters approximately in status quo, and in the meantime to prevent the doing of any acts whereby the rights in question may be irreparably injured or endangered.'" *Id.* (quoting *Coolbeth,* 112 R.I. at 564, 313 A.2d at 660).

■ In the case before us, the hearing justice did not consider and resolve any of the requisite factors before granting DiDonato's prayer for a preliminary injunction against Gina. The record reveals that she did not consider DiDonato's likelihood of success on the merits or whether he would suffer irreparable harm without the requested injunctive relief. In addition, the hearing justice did not balance the equities or determine whether injunctive relief would preserve the status quo. Instead, she granted the preliminary injunction based merely on the existence of great

hostilities between Gina and DiDonato. That was error.

Accordingly and for the foregoing reasons, Gina's appeal is sustained, the preliminary injunction is vacated and the papers are remanded to the Superior Court for further proceedings.