DECISION
This matter is before the Court on Joseph Frisk's ("Plaintiff") request for a preliminary injunction, prohibiting Dominic Randy Medeiros ("Defendant") from interfering, molesting, harassing, or contacting Plaintiff. Jurisdiction is pursuant to Rhode Island Superior Court Rules of Civil Procedure, Rule 65. For the reasons set forth below, Plaintiff's requested relief is granted.
 Facts and Travel
On December 8, 2005, Plaintiff filed a complaint with this Court, alleging that beginning on December 4, 2005, Plaintiff had been receiving numerous harassing phone calls from Defendant at both Plaintiff's home and business. Plaintiff claimed that Defendant threatened to destroy Plaintiff's business and to hurt him physically. On the day the complaint was filed, the Court granted Plaintiff a ten-day Temporary Restraining Order, forbidding Defendant from having any contact with Plaintiff. A hearing was scheduled for December 19, 2005, at which time counsel filed his entry of appearance on behalf of Defendant. The matter was thereafter continued to a later date.
The hearing on this matter was held on January 10, 2006, but Defendant failed to appear. After the hearing, the Court entered an Order granting Plaintiff's requested preliminary injunction, restraining Defendant from harassing, molesting, interfering or contacting Plaintiff until further order by the Court.
Subsequently, Defendant filed a motion to reconsider on February 23, 2006. As the basis for his motion, Defendant alleged that he failed to attend the January 10, 2006 hearing because his attorney had provided him with the wrong date. Defendant further asserted that Plaintiff's allegations are false and that he was being harassed by Plaintiff. In response to Defendant's motion for reconsideration, the Court ordered that further hearings be held on the matter.[1] At those hearings both Plaintiff and Defendant testified. Plaintiff's witnesses testified that they had received phone calls from Defendant, the contents of which were threatening, profane and crude all directed at or in reference to Plaintiff. Plaintiff also submitted telephone records as evidence that he was receiving numerous harassing phone calls from Defendant. After hearing the witnesses and reviewing the evidence, this Court will herein render its decision.
 Analysis
"[A]n application for temporary injunctive relief is `addressed to a trial justice's sound discretion.'" Fund for CommunityProgress v. United Way of Southeastern New England,695 A.2d 517, 521 (R.I. 1997) (quoting Coolbeth v. Berberian,112 R.I. 558, 564, 313 A.2d 656, 660 (1974)). However, when determining whether to issue a preliminary injunction,
 "the hearing justice should determine whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo." Iggy's Doughboys, Inc. v. Giroux, 729 A.2d 701, 705 (R.I. 1999) (citing Fund for Community Progress, 695 A.2d at 521).
Applying the four factors listed above to the matter here, this Court finds that Plaintiff has satisfied his burden for a preliminary injunction. First, based upon the evidence before it and the Court's assessment of the credibility of the witnesses, Plaintiff has sufficiently established a prima facie case of success on the merits of the complaint. When the Court determines the reasonable likelihood of success on the merits, the moving party is not required to establish a certainty of success; rather, that party need only make out a prima facie case.DiDonato v. Kennedy, 822 A.2d 179, 181 (R.I. 2003). At the hearings, Plaintiff presented several witness and pieces of evidence in support of his complaint.[2] For example, John Patrick King, an employee of The Java Joint, testified that on several occasions an individual named "Dominic" called the business and made disparaging, threatening remarks about the Plaintiff. Diane Coccia, Defendant's mother-in-law, also testified that she received harassing calls from Defendant. Furthermore, Plaintiff provided numerous telephone records supporting Plaintiff's account of the times and dates on which Defendant called and harassed Plaintiff. The Court found Plaintiff to be very credible and his version of the events to be an accurate description of what really transpired between the parties. Plaintiff's presentation was compelling and rang true. In contrast, the Court found Defendant lacking credibility, particularly during his testimony that he was the harassed and not the harasser. Plaintiff does not have to prove with a certainty that he will succeed on the merits; Plaintiff only need make out a prima facie case. Id. at 181. The Court finds that the Plaintiff has provided sufficient testimony and evidence to support a prima facie case, and consequently, the first consideration for a preliminary injunction has been satisfied.
Next, this Court finds that Plaintiff will suffer irreparable harm without the requested injunctive relief, as no protections would be in place to prevent Defendant's harassing telephone calls and contacts with Plaintiff from potentially continuing to occur. Similarly, this harm affects the third element of the preliminary injunction requirements, because in balancing the equities and the possible hardships, it is more equitable to protect the Plaintiff from being harassed than it is to prevent the Defendant from contacting Plaintiff, even if Plaintiff at this stage in the proceedings is not required to prove that his allegations are conclusively true. When balancing the equities involved, the Court should bear in mind that
 "the office of a preliminary injunction is not ordinarily to achieve a final and formal determination of the rights of the parties or of the merits of the controversy, but is merely to hold matters approximately in status quo, and in the meantime to prevent the doing of any acts whereby the rights in question may be irreparably injured or endangered." Id. (citing Fund for Community Progress, 695 A.2d at 521).
Here, Plaintiff's right to be free from harassment would be endangered were the preliminary injunction not granted. Consequently, the balance of equities tips in Plaintiff's favor.
Finally, Plaintiff has demonstrated that the preliminary injunction is necessary to maintain the status quo. A temporary restraining order, or in this case a preliminary injunction, "is meant to preserve or restore the status quo and that this status quo is the last peaceable status prior to the controversy."E.M.B. Assocs. v. Sugarman, 118 R.I. 105, 108, 372 A.2d 508,509 (1977). Here, the preliminary injunction would return the parties to where they were prior to the alleged conflict: Plaintiff would be free from having unwanted contact with Defendant. Thus, the preliminary injunction would maintain the status quo of the last peaceable time between the parties.
After taking into consideration the four primary factors that a Court should reflect on when ruling upon a preliminary injunction, this Court finds that Plaintiff has demonstrated the need for a preliminary injunction.
 Conclusion
This Court is satisfied that a preliminary injunction is warranted as it finds that (1) Plaintiff has a reasonable likelihood of success on the merits, (2) Plaintiff will suffer irreparable harm without the preliminary injunction, (3) the balance of equities tips in Plaintiff's favor and (4) the preliminary injunction will preserve the status quo. Accordingly, Plaintiff's prayer for a preliminary injunction is granted. Defendant is hereby restrained from interfering, molesting, harassing or contacting Plaintiff until further order of this Court.
[1] This Court takes notice that motions for "reconsideration" are not mentioned anywhere in the Rules of Civil Procedure. The Supreme Court of Rhode Island has held that the Court may treat motions for reconsideration as the equivalent of motions to vacate under Rule 60(b) of the Superior Court Rules of Civil Procedure. Flanagan v. Blair, 882 A.2d 569, 573-74 (R.I. 2005). However, other courts have found that Rule 60 does not apply to "motions for reconsideration" on the issuance or denial of a preliminary injunction. Instead, such motions may be reconsidered in the court's discretion. As the United States District Court for the Southern District of New York stated:
 "By its terms, Rule 60(b) applies only to final orders. The order denying a preliminary injunction is clearly interlocutory. . . . Even when . . . an interlocutory judgment fixing liability has been entered the court (does) not lack power at any time prior to entry of its final judgment to reconsider any portion of its decision and reopen any part of the case. (citing cases). It (is) free in its discretion to grant a reargument based either on all the evidence then of record or only the evidence before the court when it rendered its interlocutory decision, or to reopen the case for further evidence." Triumph Hosiery Mills, Inc. v. Triumph International Corp., 191 F. Supp. 937, 938 (S.D.N.Y. 1961) rev'd on other grounds 308 F.2d 196 (2d Cir. 1962) (citing Marconi Wireless Telegraph Company v. U.S., 320 U.S. 1, 47-48 (1943)).
In light of Defendant's mistake as to the date of the hearing, this Court exercised its discretion and reconsidered the matter and permitted further hearings at which both parties were present to submit further evidence.
[2] While a majority of Plaintiff's evidence is hearsay, such evidence may be heard and relied upon at a hearing for a preliminary injunction. See Sierra Club, Lone Star Chapter v.FDIC, 992 F.2d 545, 551 (5th Cir. 1993) ("[A]t the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence.")