**Supreme Court**
No. 2022-287-Appeal.
(KC 22-582)

Debra Riccio          :

v.                :

Laurie Theiss.        :

# O R D E R

This case arises out of a contentious exchange between two neighbors, each of whom sought a Superior Court order prohibiting the other from harassing her. The defendant, Laurie Theiss, who is not represented by counsel, appeals from an August 5, 2022 order of the Superior Court in favor of the plaintiff, Debra Riccio, enjoining the defendant from "harassing, interfering with, molesting, or threatening" the plaintiff "in any manner, directly or indirectly."

This Court directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.[1] For the reasons set forth in this order, we vacate the order of the Superior Court.

---

[1] The plaintiff, who is also unrepresented, was defaulted by order of this Court entered on November 17, 2022, for failing to file a counter-statement in accordance with Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, and

The defendant and plaintiff reside in separate units of a senior apartment complex. The case at bar stems from an acrimonious exchange of words in the courtyard of that complex in May 2022.

Both parties filed complaints against the other. On July 7, 2022, defendant filed a complaint against plaintiff in Kent County Superior Court.[2] In relevant part, defendant alleged that, on May 25, 2022, the parties had a verbal confrontation in the common courtyard area regarding gardening supplies. The defendant claimed that plaintiff had, since that incident, "shouted expletives" at her on three occasions, leading defendant to be "extremely nervous" and "on guard at all times." A temporary restraining order issued against plaintiff on the day the complaint was filed. On July 15, 2022, a preliminary injunction issued against plaintiff, prohibiting her "from harassing, interfering with, molesting, or threatening [defendant] in any manner * * * until further order of the court[,]" but allowing the parties to "pass and repass peacefully in the common areas where they reside."

On July 26, 2022, plaintiff initiated the instant case by filing a complaint against defendant in Kent County Superior Court. The plaintiff alleged that defendant had been harassing her "since 2018" and, more specifically, that defendant

she did not appear at oral argument. Thus, the Court shall proceed without argument or briefing from plaintiff.

[2] The record in defendant's action, KC 22-527, was not provided to the hearing justice in the case at bar and is not before this Court on appeal. We discuss it here to provide additional factual background only.

- 2 -

had "threatened [her] more than once about getting [her] throw[n] out" of the complex, something that she claimed defendant had done "to other tenants in the past." The plaintiff was heard that day with respect to a temporary restraining order, which was granted.[3] The temporary restraining order prohibited defendant from "interfering with, molesting, harassing, threatening, annoying or contacting" plaintiff "in any manner, directly or indirectly."

On August 5, 2022, the parties were heard with respect to plaintiff's request for a preliminary injunction against defendant. Before the hearing justice, plaintiff testified that defendant had "been doing nothing but torturing" her for four years, which caused plaintiff to experience significant anxiety and stress. She stated that, in the time since the temporary restraining order issued against defendant, the situation had "been better."

The hearing justice, who confirmed that he was aware of the preliminary injunction against plaintiff, then asked to hear from defendant. The defendant argued that plaintiff's request for an injunction against her was "retaliatory" and that there were "no details" in plaintiff's allegations. She averred that the "issue is usually in the courtyard, where [plaintiff] has been swearing and cursing at [her]"; she then recounted her version of the "May 25th incident."

The hearing justice announced his decision, granting plaintiff's motion for a

---

[3] A transcript of this hearing was not provided to us.

preliminary injunction "consistent with the one that has already been filed with the court [by defendant], and granted, 'until further order of the court.'" The hearing justice commented that there was now "a preliminary injunction prohibiting both" parties "from interacting with each other under the penalty of arrest * * *." The hearing justice did not explain his rationale for granting the preliminary injunction other than to state that the parties now "both have one against each other" and that "[t]hat should end the problem." He concluded by stating that "because we left it open, the [c]ourt can intervene at some point in the future if it's not working."

An order to this effect entered the same day, enjoining defendant "from harassing, interfering with, molesting, or threatening" plaintiff "in any manner, directly or indirectly." The order went into effect immediately and was to remain in effect until further order of the court.

The defendant filed a timely notice of appeal on August 17, 2022. Before this Court, defendant argues that the hearing justice abused his discretion in granting the preliminary injunction and that the transcript of the relevant hearing contains errors.

We first note that defendant's claim of errors in the transcript is not properly before this Court. Article I, Rules 10 and 11 of the Supreme Court Rules of Appellate Procedure require that such errors be submitted to the trial court. *See* Art. I, Rule 10(f) of the Supreme Court Rules ("If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be

submitted to and settled by that court * * *."); Art. I, Rule 11(f) of the Supreme Court Rules ("Motions for * * * the determination of the correctness of the record shall be submitted in the first instance to the trial court * * *."). This is so because the trial court is in the best position to resolve questions regarding what occurred in its own tribunal. *Cf. Armstrong v. Polaski*, 116 R.I. 661, 665-66, 360 A.2d 558, 560-61 (1976) (deferring to the trial justice's memory of stipulations that were not made on the record or reduced to writing, where content of those stipulations was contested between parties' counsel).

We next consider whether the hearing justice erred in granting plaintiff's request for a preliminary injunction. "Although the grant of a preliminary injunction is an interlocutory order, a direct appeal to this Court is permissible pursuant to G.L. 1956 § 9-24-7."[4] *Gianfrancesco v. A.R. Bilodeau, Inc.*, 112 A.3d 703, 708 (R.I. 2015). "When reviewing a hearing justice's decision to grant a preliminary injunction, this Court applies an abuse of discretion standard of review." *Id.* (quoting *New England Stone, LLC v. Conte*, 962 A.2d 30, 32 (R.I. 2009)). "If the party

---

[4] General Laws 1956 § 9-24-7 provides in pertinent part:

> "Whenever, upon a hearing in the superior court, an injunction shall be granted or continued, * * * an appeal may be taken from such order or judgment to the supreme court in like manner as from a final judgment, and the appeal shall take precedence in the supreme court."

requesting the preliminary injunction has established a prima facie case warranting preliminary injunctive relief, this Court will not find an abuse of discretion." *Id.*

"Under such a limited scope of review, this Court need not reach nor resolve the underlying substantive issues as it would after the imposition of a permanent injunction." *Gianfrancesco*, 112 A.3d at 708 (quoting *Vasquez v. Sportsman's Inn, Inc.*, 57 A.3d 313, 318 (R.I. 2012)). "Instead, 'our role is limited to determining whether the hearing justice considered and resolved each of the appropriate preliminary injunction factors without abusing his or her discretion.'" *Id.* (quoting *Vasquez*, 57 A.3d at 318). These factors consist of the following:

> "whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo." *Id.* (quoting *Vasquez*, 57 A.3d at 318).

As noted, the hearing justice did not articulate his rationale for granting the preliminary injunction, other than to comment that both parties now had restraining orders against the other and that this should "end the problem." In ruling on a motion for a preliminary injunction, "[w]e do not require trial justices to set forth comprehensive findings of fact." *United Parcel Service, Inc. v. Griffiths*, 297 A.3d 502, 503 (R.I. 2023) (mem.); *see School Committee of Town of North Kingstown v. Crouch*, 808 A.2d 1074, 1077 (R.I. 2002) (noting the trial justice's sufficient, if brief,

analysis of each of the four preliminary injunction factors); *see also Gianfrancesco*, 112 A.3d at 711 (same).  "However, injunctive relief is an extraordinary remedy." *United Parcel Service, Inc.*, 297 A.3d at 503; *see Brown v. Amaral*, 460 A.2d 7, 10 (R.I. 1983).  "Therefore, although this Court does not require perfection, a trial justice must, at a minimum, articulate a coherent, unambiguous basis of support for the four factors." *United Parcel Service, Inc.*, 297 A.3d at 503.

The case at bar is remarkably similar to *DiDonato v. Kennedy*, 822 A.2d 179 (R.I. 2003).  In *DiDonato*, this Court vacated a preliminary injunction forbidding contact between certain feuding members of neighboring households. *DiDonato*, 822 A.2d at 180-82.  We held that the hearing justice erred because she "did not consider and resolve any of the requisite factors before granting the preliminary injunction," but rather "granted the preliminary injunction based merely on the existence of great hostilities between" the parties. *Id.* at 181-82.

In the case at bar, the hearing justice's decision appears similarly silent as to the four factors that should be considered in the preliminary injunction context. While the hearing justice's statement that both parties now had restraining orders could be read to gesture towards the balance of the equities and preservation of the status quo, this ambiguous remark is too thin a reed on which to support a conclusion that the hearing justice "properly considered and resolved the preliminary injunction

factors prior to granting this extraordinary remedy." *United Parcel Service, Inc.*, 297 A.3d at 503.

Because the hearing justice's decision did not articulate a coherent basis for the preliminary injunction founded on a weighing of the traditional four factors, we find that he abused his discretion in granting the preliminary injunction.

For the reasons stated herein, we vacate the order of the Superior Court. The record shall be returned to the Superior Court.

Entered as an Order of this Court this 8th day of January, 2024.

By Order,

/s/ Meredith A. Benoit, Clerk
_____
Clerk

Justice Lynch Prata did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Debra Riccio v. Laurie Theiss. | |
| **Case Number** | No. 2022-287-Appeal.<br>(KC 22-582) | |
| **Date Order Filed** | January 8, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. | |
| **Source of Appeal** | Kent County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Debra Riccio, *pro se* | |
| | For Defendant:<br><br>Laurie Theiss, *pro se* | |

SU-CMS-02B (revised November 2022)