366 A.2d 154.

GILBANE BUILDING COMPANY *vs.*
VINCENT A. CIANCI, JR. *et al.*

DECEMBER 10, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. The plaintiff, Gilbane Building Company, bidder for a city construction contract, brought this civil action in the Superior Court to enjoin the defendant Board of Contract and Supply of the City of Providence (the board) from awarding the contract to defendant intervenor Capaldi-Campanella, another bidder. The trial justice granted a preliminary injunction prohibiting the city from awarding the contract to any party other than the plaintiff. In his order he further specified that the injunction shall be automatically dissolved in the event that the board votes to award the contract to Gilbane, but that

any other action taken by the board with respect to the contract shall be subject to review by the same Superior Court justice. The defendant Capaldi-Campanella now appeals.[1]

The only question before us is whether the trial justice should have granted the preliminary injunction.

It appeared in evidence that on or about August 10, 1976, the city of Providence advertised the Municipal Wharf project for bids. A prebid conference was held on August 31, 1976, and was attended by various city officials, engineers, and representatives of several contractors, including the parties to this action. Apparently there was some confusion at that prebid conference as to whether the proposal had to be attached to the project book.[2]

Bids were opened on September 20, 1976. The plaintiff's bid was apparently the lowest, approximately $29,000 less than defendant Capaldi-Campanella's second lowest bid. Of the six bidders, only Gilbane had not attached the bid proposal to the book. For that reason, defendant Capaldi-Campanella objected to Gilbane's bid by a letter sent to defendant Board of Contract and Supply.

The board took up the matter at a meeting held on October 4, 1976, and decided to reject Gilbane's bid because it did not meet the bidding specifications in that the bid was not attached to the book. Thereupon they voted to award the contract to Capaldi-Campanella. The parties are in dispute as to whether the evidence establishes that

---

[1] In an excess of caution, the defendant took an appeal and also petitioned for a writ of certiorari, which was granted. The proper method to challenge a preliminary injunction granted by the Superior Court is by appeal. *Johnson v. Johnson*, 111 R.I. 46, 298 A.2d 795 (1973). We therefore review this case pursuant to defendant's appeal.

[2] The project book is a series of documents concerning the project, including notice to bidders, proposal, contract, contract bonds, general and special provisions, and technical specifications.

the board was aware that it had the power to waive the requirement or that it believed that it was bound to find the nonconformity voided the bid. Since Gilbane was not informed that its failure to meet bidding specifications would be considered by the board until just prior to the meeting, it was unable to present to the board its view that this was a technicality which the board had the power to waive.

Upon learning of the board's decision, plaintiff filed its complaint in Superior Court requesting that the action of the board be set aside and that the board be enjoined from awarding the contract to anyone other than plaintiff. The plaintiff contends that the board's action violates section 21-28 of the Code of Ordinances of the City of Providence which provides in pertinent part that:

> "It shall be the duty of the board of contract and supply * * * to advertise for bids * * * and to let to the lowest competent and responsible bidders who give adequate security satisfactory to said board for the performance of their contracts."

The plaintiff argues that if the decision was made without knowledge of its power to waive the nonconformity, the board cannot be said to have exercised its discretion. The plaintiff in effect characterizes the failure to exercise discretion as the kind of arbitrary and unreasonable action amounting to a palpable abuse of discretion which we have held is necessary before the judiciary will interfere with the award of a public contract. *Goldman, Inc.* v. *Burns*, 109 R.I. 236, 240, 283 A.2d 673, 676 (1971); *Gilbane Bldg. Co.* v. *Board of Trustees of State Colleges*, 107 R.I. 295, 300, 267 A.2d 396, 399 (1970).

The granting of a prayer for a preliminary injunction usually follows a finding that the plaintiff has shown a reasonable probability of ultimate success on a final hearing. *Coolbeth* v. *Berberian*, 112 R.I. 558, 566, 313 A.2d 656,

660 (1974). However, absent a showing of abuse of discretion, we will not consider the propriety of granting injunctive relief; that is a matter better left to the discretion of the trial justice. *Menard* v. *Woonsocket Teachers' Guild—AFT,* 117 R.I. 121, 128, 363 A.2d 1349, 1354 (1976); *Coolbeth* v. *Berberian, supra* at 564-65 & n.3, 313 A.2d at 660 & n.3.

In the instant case testimony was introduced at the hearing that plaintiff submitted the lowest bid, a bid which was complete in all respects save for the fact that it had not been reattached to the book. There was also evidence that defendant board planned to award the contract to plaintiff, until the protest by defendant intervenors. The trial justice found that there was at least some evidence tending to show that the board may have been unaware that it had the power to waive the defect in plaintiff's bid. While it is clear that the correctness of plaintiff's basic contentions cannot now be determined but must await a full hearing on the merits, *McGee & Son* v. *Local 682,* 69 R.I. 1, 3, 30 A.2d 461, 462-63 (1943), the evidence presented at the hearing satisfies us that the trial justice was within the limits of the discretion customarily accorded a lower court in issuing a preliminary injunction.

However, a preliminary injunction is intended only to continue, approximately, the status quo until the merits of the cause can be formally adjudicated. *Menard* v. *Woonsocket Teachers' Guild—AFT, supra* at 128, 363 A.2d at 1353; *Studley Land Co.* v. *Myers,* 81 R.I. 426, 430-31, 103 A.2d 924, 926 (1954). We are persuaded that in enjoining the board from awarding the contract to anyone *except* the plaintiff, and by stating that the order would be automatically vacated and dissolved if the contract were awarded to the plaintiff but that any other action by the board with respect to the contract must be again referred to the same justice, the trial justice has gone further than was

necessary to adequately protect the status quo until a full hearing on the merits. His order reflects a judgment as to what would constitute a reasonable decision by the board. Obviously such a judgment cannot be made until after a full hearing on the merits. We therefore uphold so much of the preliminary injunction as prohibits the board from awarding the contract to anyone including the plaintiff before a hearing on the merits, and remand the case to Superior Court so that a modified order can be entered.

The order appealed from should be modified as indicated. Subject to such modification, the defendant's appeal is denied.

*Higgins, Cavanagh & Cooney, John T. Walsh, Jr.,* for plaintiff.

*Abedon & Visconti Ltd., Girard R. Visconti,* for defendant Capaldi-Campanella.