**GRIGGS AND BROWNE CO., INC.**

v.

**John J. HEALY.**

**No. 81–11–Appeal.**

Supreme Court of Rhode Island.

Dec. 23, 1982.

Hodosh, Spinella & Angelone, Thomas C. Angelone, Providence, for plaintiff.

Adler Pollock & Sheehan Inc., Robert D. Wieck, Providence, for defendant.

OPINION

MURRAY, Justice.

This is an appeal from a Superior Court order preliminarily enjoining the defendant from engaging in the extermination business within the municipalities of Providence, Woonsocket, and Barrington.

The defendant in this case, John J. Healy, was employed as an exterminator by plaintiff, Griggs and Browne Termite Control Co., Inc., from 1960 until 1980. During his first five years of employment, defendant serviced customers located in the cities of Providence and Woonsocket. From 1965 until 1980, defendant serviced customers situated in the town of Barrington. Throughout these twenty years defendant

serviced customers exclusively in his capacity as an employee of plaintiff.

On September 24, 1965, defendant entered into a contract with plaintiff where it was agreed, among other things, that defendant could not engage in any business—as an employee, partner, stockholder, or otherwise—which was competitive with the business conducted by plaintiff. The defendant was not to compete anywhere within a seventy-five-mile radius of plaintiff's office located on Allens Avenue in Providence. The agreement was to be in effect during the term of defendant's employment and to extend for a period of three years thereafter.

The defendant stopped working for plaintiff on May 30, 1980. Sometime in June 1980, Best Pest Control, Inc. was formed with defendant as president and sole stockholder. The defendant testified that most of Best Pest's customers were serviced by him when he was employed by plaintiff.

On August 5, 1980, plaintiff filed a complaint alleging that defendant had violated the 1965 agreement not to compete. The complaint requested that defendant and his newly formed business be enjoined from competing with plaintiff.

The Superior Court issued a temporary restraining order enjoining defendant from soliciting any customers of plaintiff who were customers when defendant was employed by plaintiff.

On August 21, 1980, a hearing was held concerning plaintiff's request for a preliminary injunction. On August 25, 1980 the Providence Superior Court entered an order preliminarily enjoining defendant and Best Pest Control from engaging in the exterminating, pest-control, and termite-control businesses in the municipalities of Providence, Woonsocket, and Barrington.

■ The only issue to be addressed in this case is whether or not the trial justice erred in granting the preliminary injunction. In examining this issue, our scope of review is limited to whether or not the trial justice abused his discretion. *Gilbane Building Co. v. Cianci*, 117 R.I. 317, 366 A.2d 154 (1976). Such an abuse will not be found if the party requesting the preliminary injunction has at least made out a prima facie case. *Id.*

■ Prima facie evidence is generally defined as that quantum of evidence which, if unrebutted, is sufficient to satisfy the burden of proof on a particular issue. *Nocera v. Lembo*, R.I., 397 A.2d 524 (1979). In the present case, plaintiff established the existence of an agreement not to compete and a subsequent violation thereof. If unrebutted, this showing would satisfy the burden of proof required for having a permanent injunction imposed. Therefore, we are of the opinion that such a showing constitutes a prima facie case.

In so deciding, we find no abuse of discretion on the part of the trial justice. Accordingly, we hold that the trial justice did not commit error in granting the preliminary injunction.[1]

For the reasons stated, the defendant's appeal is denied, the order appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

SHEA, J., did not participate.

▬▬▬▬▬▬▬▬▬▬

---

1. However, such a holding does not mean that defendant's contentions concerning the unenforceability of the 1965 agreement lack merit.

Our limited scope of review precludes us from deciding those issues.