**J.B. PRATA, LTD.**

v.

**Magdi BICHAY et al.**

**No. 82–412–Appeal.**

Supreme Court of Rhode Island.

Nov. 14, 1983.

Albert D. Saunders, Jr., Saunders & Dumas, East Greenwich, for plaintiff.

Robert D. Wieck, Alder, Pollock & Sheehan, Inc., Providence, for defendant.

## OPINION

KELLEHER, Justice.

This is an appeal from a Superior Court decree preliminarily enjoining the defendants from soliciting or accepting orders for

pressure-sensitive tape from the plaintiff's customers.

The defendants, Magdi Bichay and Paul Vasconcellos, worked as salesmen for plaintiff, J.B. Prata, Ltd. (Prata). Neither defendant, however, had signed either an employment contract or a noncompetition agreement.

Prata sells several types of adhesive paper products, including pressure-sensitive tape and stretch film,[1] to approximately 1,400 manufacturers in New England. It purchases its products from various suppliers, tailors some to fit a customer's particular needs, changes the labels on all, and ships them to its customers.

Both defendants left Prata in March 1982 and immediately became salesmen for a competitor, Pacific Paper Products, Inc. Prata obtained the preliminary injunction described above. The defendants appealed, claiming that the injunction was improperly granted or, in the alternative, that the relief granted was too broad. Prata cross-appealed, claiming the relief granted was not broad enough.

■ The only issue to be addressed in this case is whether or not the trial court erred in granting the preliminary injunction. In examining this issue, our scope of review is limited to whether or not the trial court abused its discretion. *Griggs and Browne Co. v. Healy,* R.I., 453 A.2d 761 (1982); *Gilbane Building Co. v. Cianci,* 117 R.I. 317, 366 A.2d 154 (1976). Such an abuse will not be found if the party requesting the preliminary injunction has at least made out a prima facie case. *Griggs and Browne Co.,* R.I., 453 A.2d at 762.

Prima facie evidence has been defined by this court as that amount of evidence which, if unrebutted, is sufficient to satisfy the burden of proof on a particular issue. *Nocera v. Lembo,* 121 R.I. 216, 397 A.2d 524 (1979).

---

1. According to plaintiff, pressure-sensitive tapes are products which will adhere to a variety of surfaces by the mere application of pressure. Examples include masking tape, duct tape, and strapping tape. Stretch film is actually a very strong tape which is used to secure crates, etc. either together or to a shipping pallet.

■ In the present case, plaintiff established that defendants were employed by plaintiff, acquired certain information while so employed, and then left plaintiff to work for a competitor. In addition, the trial court specifically found that the information defendants acquired was acquired as a direct result of the confidential relationship that existed between plaintiff and both defendants. The defendants are in a position where use of the information they acquired is likely to cause economic harm to plaintiff. If unrebutted, this evidence would satisfy the burden of proof required for having a permanent injunction imposed. Therefore, we are of the opinion that such evidence constitutes a prima facie case.

In so deciding, we find that the trial court did not abuse its discretion. Accordingly, we hold that the trial court did not err in granting the preliminary injunction.[2]

■ We do feel, however, that the scope of the relief granted was unnecessarily broad. The decree now prohibits the defendants from accepting both solicited and unsolicited orders from the plaintiff's customers. We think the prohibition against accepting unsolicited orders unfairly limits the defendants' entrepreneurial rights and therefore on remand the decree will be amended so that the defendants are barred only from accepting solicited orders. *See Rego Displays, Inc. v. Fournier,* 119 R.I. 469, 476, 379 A.2d 1098, 1102 (1977) (discussing *Colonial Laundries, Inc. v. Henry,* 48 R.I. 332, 138 A. 47 (1927)).

The judgment appealed from is sustained as to the grant of the preliminary injunction but modified so that the plaintiffs are enjoined solely from accepting solicited orders, and the case is remanded to the Superior Court.

---

2. However, such a holding does not mean that defendants' contention concerning the characterization of the customer list and related information as trade secrets lacks merit. Our limited scope of review precludes us from deciding those issues. Parenthetically, we take note of defendants' unsuccessful efforts in the Superior Court to have a hearing conducted on the permanent-injunction phase of this controversy while their appeal was pending. This court is ever ready to remand the record in such a dispute to the Superior Court for a final determination of the controversy. Once such a determination is made, the case can be remanded to this court for a full review.