AMERICAN MEDI–LAB, INC. d.b.a. Washington County Medical Laboratory

v.

David R. KENNEDY et al.

No. 82–182–Appeal.

Supreme Court of Rhode Island.

May 31, 1985.

Thomas C. Angelone, Hodosh Spinella & Angelone, Providence, for plaintiff.

Alfred Factor, Kirshenbaum & Kirshenbaum, Providence, for defendants.

## OPINION

KELLEHER, Justice.

The plaintiff in this Superior Court civil action, American Medi-Lab, Inc., is a Massachusetts corporation registered to do business in Rhode Island that operated a medical laboratory in space leased from North Kingstown Medical Treatment Center (treatment center). The plaintiff's business involved the analysis of blood and serum and revolved to a large extent around referrals from the physicians who staffed the treatment center. In its suit the plaintiff sought to enjoin two of its employees, David R. Kennedy (Kennedy) and Michael G. Shackleton (Shackleton), from breaching their fiduciary obligations as employees and intentionally interfering with the plaintiff's business relationships.

Kennedy was director of plaintiff's laboratory, and Shackleton managed its operations. While Kennedy was working for plaintiff, he and an individual named Paul Pasquariello formed a new corporation, North Kingstown Laboratory, Inc. This event caused the treatment center to terminate its lease with plaintiff. The Kennedy-Pasquariello enterprise then took up occupation in the location formerly leased to plaintiff and began to provide the identical services that plaintiff had provided. Named defendants besides Kennedy and Shackleton were the newly formed corporation and South County Laboratory, Inc. Kennedy, who had earned his doctorate of philosophy in biochemistry, was the owner and operator of the second corporation, South County Laboratory, Inc. The plaintiff alleged that this corporation had been involved in the formation of the North Kingstown Laboratory, Inc., but this allegation was not pursued before the trial justice.

This litigation began in April 1981. An extended hearing was conducted on plaintiff's request for a preliminary injunction. At the conclusion of plaintiff's case, the trial justice dismissed that much of the complaint that sought a preliminary injunction against Shackleton and defendant laboratories. However, the trial justice found that Kennedy had engaged in unfair competition with his employer and had breached the duty of trust and confidence that he owed the employer. Thereafter, on August 13, 1981, an order was entered enjoining Kennedy from soliciting or doing any business with the treatment center.

■ The purpose of a preliminary injunction is to maintain the status quo pending a final determination of the merits of the controversy in question. *Gilbane Building Co. v. Cianci*, 117 R.I. 317, 366 A.2d 154 (1976); *Coolbeth v. Berberian*, 116 R.I. 188, 354 A.2d 120 (1976). Since the relief granted by the trial justice failed to maintain the status quo, this court in an unreported August 1981 order stayed the effect of the injunction. Even in the absence of the August 1981 order staying the preliminary injunction, defendants North Kingstown Laboratory and Shackleton could have continued to operate in the premises previously occupied by plaintiff and to service the needs of the treatment center's patients, and Kennedy could have continued to share in their profits as long as he did not personally do business with the treatment center.

■ Almost four years have elapsed since the injunction was entered. Much of the delay can be attributed to Kennedy. His brief was not filed until a conditional order of dismissal was entered, and the transcript was not filed until April 1983 and then only after a motion to dismiss the appeal had been filed. In light of this record, we are going to dismiss Kennedy's

appeal on the ground of mootness and remand the matter to the Superior Court, where the plaintiff, if it desires, may press its claim for monetary damages. In doing so, we would once again remind the bar at large that in matters where preliminary injunctive relief has been granted and an appeal ensues, this court is ever ready to remand the record to the Superior Court so that a final determination can be made of the controversy and then the case can be returned to this court for full review. *See J.B. Prata, Ltd. v. Bichay,* — R.I. —, —, 468 A.2d 266, 268 n. 2 (1983).

The defendants' appeal is denied and dismissed, and the case is remanded to the Superior Court.