Raquel MORALES et al.

v.

**John J. AFFLECK, as Director of the Rhode Island Department of Social and Rehabilitative Services.**

**No. 83–267–Appeal.**

Supreme Court of Rhode Island.

Dec. 17, 1985.

Barry H. Best, Cynthia Mann, R.I. Legal Services, for plaintiff.

Arlene Violet, Atty. Gen., Thomas Martin, Spec. Asst. Atty. Gen., for defendant.

OPINION

PER CURIAM.

This case involves an appeal by the former Director of the Rhode Island Department of Social and Rehabilitative Services, John J. Affleck (defendant), from a preliminary injunction enjoining him from denying General Public Assistance (GPA) benefits to individuals (plaintiffs) who receive Aid to Families with Dependent Children (AFDC) benefits and whose income is below the GPA standard of need.

There is no dispute that plaintiffs would all be eligible to receive payments under the GPA program if they were not AFDC recipients. The plaintiffs have been denied GPA benefits *solely* because they have received income from another source: AFDC. According to G.L.1956 (1984 Reenactment) § 40–6–8 all persons eligible for assistance in other income support programs shall not be eligible for GPA. As a result of this statutory restriction and the budgeting discrepancies between GPA and AFDC programs, a two-month lag period exists during which an AFDC recipient's income level is substantially below the GPA standard of need. The plaintiffs claim that defendant's denial of GPA payments is a violation of equal protection, due process, and state law. A suit was instituted in Superior Court by plaintiffs challenging § 40–6–8 in an effort to secure supplemental GPA payments. Subsequently, the trial judge granted a preliminary injunction which required defendant to supplement plaintiffs' income from AFDC with GPA funds.

Absent a showing of abuse we shall not consider the propriety of granting injunctive relief, which is a matter better left to the discretion of the trial justice. *Town of West Greenwich v. Stepping Stone Enterprises Ltd.*, 122 R.I. 132, 141, 416 A.2d 659, 663 (1979), and *Gilbane Building Co. v. Cianci*, 117 R.I. 317, 320, 366 A.2d 154, 156 (1976). Oral argument, analysis of briefs, and perusal of the record before us move the court to conclude that the trial judge did not abuse his discretion by issuing the preliminary injunction that the plaintiffs

requested. Furthermore, this court does not reach a determination as to whether the plaintiffs will succeed on the merits but rather invokes self-imposed judicial restraint compelled by the fact that the *permanent* relief sought by the plaintiffs is precisely the same remedy which they sought upon the hearing for *preliminary* injunction. Hence, any ruling by this court on the merits of this action in its present posture would be premature and impede the trial justice's exercise of discretion upon a full hearing of the case on the merits.

In accordance with the foregoing analysis, the defendant's appeal is denied, the order of the trial judge is affirmed, and the case is remanded for hearing on the merits as soon as Superior Court calendars will allow.