Richard HIGHAM et al.

v.

John J. AFFLECK, as Director of the Rhode Island Department of Social and Rehabilitative Services.

No. 83–281–Appeal.

Supreme Court of Rhode Island.

Feb. 18, 1986.

Cynthia Mann/Barry H. Best (R.I. Legal Services), Providence, for plaintiff.

Arlene Violet, Atty. Gen., Thomas Martin, Sp. Asst. Atty. Gen., for defendant.

## OPINION

WEISBERGER, Justice.

This is an appeal from a preliminary injunction enjoining John J. Affleck, as Director of the Rhode Island Department of Social and Rehabilitative Services (SRS),[1] from denying general public assistance (GPA) benefits to individuals who, even though their income is below the GPA standard of need, are ineligible for Aid to Families with Dependent Children (AFDC) because of the effect of AFDC retrospective budgeting rules. Without reaching the ultimate merits of the case, we affirm.

On March 16, 1983, Richard and Beth Higham (plaintiffs), on behalf of themselves, their children, and others similarly situated, filed a class-action complaint in the Superior Court seeking injunctive and declaratory relief. The plaintiffs claimed that they were denied GPA benefits solely because of their temporary ineligibility for AFDC benefits owing to AFDC retrospective budgeting. The plaintiffs asserted that the denial of benefits, carried out under *SRS Manual* § 602(I)(B)(4), was unlawful for three reasons: (1) the denial of benefits violated G.L.1956 (1977 Reenactment) §§ 40-6-2 and 40-6-8; (2) section 602(I)(B)(4) was promulgated and applied without following the Administrative Procedures Act (APA), G.L.1956 (1977 Reenactment) § 42-35-3, and therefore was invalid, and action pursuant to it was unlawful; and (3) the denial of benefits violated their federal constitutional rights of due process and equal protection.

Since the parties agreed on most of the material facts, the application for the preliminary injunction was decided on the basis of memoranda submitted to the court.

The plaintiffs filed memoranda, affidavits, and exhibits in support of their motion while defendant relied on his memorandum submitted in *Raquel Morales et al. v. John J. Affleck,* C.A. No. 83-1093 *(Morales),* a companion case.

On May 3, 1983, a decision was handed down. The preliminary-injunction order, entered on May 5, 1983, enjoined defendant from "denying [GPA] benefits to individuals whose income is below the GPA standard of need due to the effect of AFDC retrospective budgeting rules." The decision stated that this case was a companion case to *Morales* and that *Morales* was dispositive of plaintiffs' request for injunctive relief. Although companion cases, the trial justice pointed out two distinctions between the instant case and *Morales.* In *Morales* the plaintiffs had received some AFDC whereas in the instant case plaintiffs were not receiving AFDC when they were denied GPA benefits. In addition, the judge noted that these plaintiffs also contend that § 602(I)(B)(2) violates the APA. However, because the trial justice held that *Morales* was dispositive, the APA claim was not reached.

The trial justice in *Morales* held that although § 602(I)(B)(2) did not violate §§ 40-6-2 and 40-6-8, it was unconstitutional under the equal protection clause of the Fourteenth Amendment to the United States Constitution because it created a classification by which similarly situated needy individuals were treated differently. In reaching this decision, the trial justice decided that the classification could not even pass the rational relation test. Next, the trial justice applied certain basic criteria to determine whether the preliminary injunction should be granted. He first determined that there was a probability of success on the merits. Then he balanced the equities between the parties and concluded that plaintiffs had made a showing

---

1. John J. Affleck is no longer the Director of the Rhode Island Department of Social and Rehabilitative Services.

of irreparable injury and that the hardship to them would be greater if the preliminary injunction were denied than to defendant if such relief was granted. Finally, the trial justice concluded that plaintiffs did not have an adequate remedy at law. For a discussion of the requirements relating to the issuance of a preliminary injunction, see *Gilbane Building Co. v. Cianci*, 117 R.I. 317, 366 A.2d 154 (1976); *Coolbeth v. Berberian*, 112 R.I. 558, 313 A.2d 656 (1974). After considering the record before him, the trial justice granted plaintiffs' request for a preliminary injunction. The merits of the due-process challenge and the request for class certification were not reached because the equal-protection violation was held to be an adequate ground for the issuance of the injunction. We affirmed the issuance of a preliminary injunction on the identical grounds in *Morales v. Affleck*, 501 A.2d 1185 (R.I.1985).

■ In examining the question of whether the trial justice erred in granting the preliminary injunction, our scope of review is limited to a determination of whether the trial court granted appropriate temporary relief after applying the correct legal standards. *Id.* at 1185; *J.B. Prata, Ltd. v. Bichay*, 468 A.2d 266, 267 (R.I. 1983); *Griggs and Browne Co. v. Healy*, 453 A.2d 761, 762 (R.I.1982). Our examination of the record leads us to conclude that the trial justice properly balanced the equities and that he applied the correct legal standards for issuing a preliminary injunction. In so holding, we do not pass upon the merits of the ultimate issues of the case. As we stated in *Coolbeth*, 112 R.I. at 565–66, 313 A.2d at 660, "this court ordinarily will not delve into the merits on an appeal from a preliminary injunction * *." Such a determination, in a case in which the permanent relief sought is precisely the same as the temporary relief, would be premature and impede the trial justice's freedom to determine the facts and the legal issues upon a full hearing on the merits.

For the reasons stated, the defendant's appeal is denied; the order of the trial justice is affirmed; and the case is remanded for a hearing on the merits.