**PARAMOUNT OFFICE SUPPLY COMPANY, INC.**

v.

**D.A. MacISAAC, INC., et al.**

No. 86–344–M.P.

Supreme Court of Rhode Island.

April 22, 1987.

Frank Licht, Robert Fine, Licht & Semonoff, Providence, for plaintiff.

D.J. Roberts II, R.M. Peirce, Roberts, Carroll, Feldstein & Tucker, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This case comes to us on a petition for a common-law writ of certiorari wherein Paramount Office Supply Company, Inc. (Paramount), seeks to review a decision of the Superior Court denying the application of Paramount for injunctive relief. We affirm.

The relevant circumstances precipitating the petition are as follows. Paramount initiated this action for injunctive relief on July 10, 1986. In its complaint Paramount alleged that defendant, David W. Tobias (Tobias), a former employee of Paramount, wrongfully expropriated a customer list belonging to Paramount and was utilizing that list in the course of his employment with the codefendant, D.A. MacIsaac, Inc. (MacIsaac), a competitor in the office-products-supply business. Paramount further alleged that Tobias and MacIsaac had wrongfully conspired to expropriate its customer list and that as a result Tobias and MacIsaac had induced some of Paramount's customers to leave.

On July 15, 1986, a justice of the Superior Court issued a temporary restraining order enjoining Tobias and MacIsaac from "making any contact with [Paramount's] customers until further order of the court." A hearing on a preliminary injunction was then scheduled and the parties submitted memoranda of law and affidavits. The determination of the preliminary-injunction request was rendered by the trial justice upon affidavits submitted by Tobias and MacIsaac. According to the record before us Paramount presented no witnesses, nor did it submit any affidavits at the preliminary-injunction hearing; it relied exclusively upon its complaint and memorandum of law.

By affidavit Tobias indicated that he had been working as a salesman in the office-supply business for twenty-two years, the last eleven years with Paramount. Tobias never entered into a written contract of employment, nor did he ever enter into a covenant not to compete with Paramount. He left Paramount because a growing number of customers whom he served were dissatisfied and were reducing their volume of business with the company. Sometime in November 1985 Tobias learned through a coworker that MacIsaac, a Boston-based company, was considering opening a facility in Rhode Island. Tobias contacted Donald MacIsaac, president of MacIsaac, and a series of meetings ensued at which the two discussed Tobias's possible employment with MacIsaac. In March 1986, Tobias and MacIsaac reached an employment agreement under which he was scheduled to begin work in July 1986.

When Tobias left Paramount's employ, he took with him a customer list containing only the names of customers he had personally developed or those that had been assigned to him by Paramount. He did not have Paramount's complete customer list. The list that Tobias carried with him contained the names and addresses of the cus-

tomers as well as the customer's discount rates, salesman's commission rate, and sales-tax status. Tobias copied only the names and addresses of the customers and then destroyed his original list.

Tobias also averred that Paramount never tried to keep its customer list confidential. The list was kept on a Rolodex file to which anyone and everyone, employee and nonemployee, had potential access. In addition, everyone in the office had a written list of customers to which new accounts were periodically added but from which old nonactive accounts were never purged. Furthermore, Tobias, in his uncontradicted affidavit, stated that he at no time contacted Paramount's customers on behalf of MacIsaac while still employed with Paramount, that the list of Paramount's customers was readily identifiable from the Yellow Pages and business and trade directories, and that many of Paramount's customers do business with more than one office-supply company, some in fact do business with three or four at a time. Donald MacIsaac, in his affidavit, echoed much of Tobias's averments.

 The trial justice at the close of counsel arguments found that while Tobias was still employed by Paramount, Tobias and Donald MacIsaac had met solely to discuss possible employment and "not for the purpose of damaging the reputation of plaintiff." He found no facts to warrant an injunction against MacIsaac. Likewise, he refused to enjoin Tobias from using the names and addresses of his former customers or from doing business with former or present customers of Paramount. He did, however, enjoin the use of any written list containing customer-discount information obtained from Paramount because he determined that the customer discounts were confidential trade secrets. An order denying Paramount's request, except as to any pricing or discount information, was en-

tered on July 31, 1986. This petition followed.[1]

 The only question to be addressed by this court on petition is whether the trial justice erred in denying Paramount injunctive relief. It is a well-settled rule that the granting of a preliminary injunction is a matter left to the sound discretion of the trial justice. *DeNucci v. Pezza*, 114 R.I. 123, 329 A.2d 807 (1974). Consequently, the scope of our review is limited to a determination of whether the trial justice abused his discretion. *J.B. Prata, Ltd. v. Bichay*, 468 A.2d 266 (R.I.1983); *Griggs and Browne Co. v. Healy*, 453 A.2d 761 (R.I.1982). We shall not find abuse if the trial court finds that the party requesting the preliminary injunction has failed to present a prima facie case. *Cf. J.B. Prata, Ltd.*, 468 A.2d at 267 (granting of preliminary injunction not abuse where plaintiff has at least made out a prima facie case). Prima facie evidence is that amount of evidence that, if unrebutted, is sufficient to satisfy the burden of proof on a particular issue. *Nocera v. Lembo*, 121 R.I. 216, 397 A.2d 524 (1979).

In the case before us, Paramount presented no evidence in support of its request for a preliminary injunction. The affidavits presented by Tobias and MacIsaac stand uncontradicted. Tobias himself readily admitted leaving Paramount, joining MacIsaac, and soliciting business from customer accounts he serviced while with Paramount. In addition, Tobias and Donald MacIsaac, relying on their personal knowledge and experience in the office-supply business, stated that Paramount's customer list was not confidential because it was readily ascertainable from the Yellow Pages and other business directories and that they were aware of many Paramount customers who dealt with more than one office-supply distributor at a time.

---

1. The plaintiff originally filed a notice of appeal on August 5, 1986, but then moved to amend its appeal to a petition for certiorari. This court granted the motion to amend. We note that the grant of a preliminary injunction is appealable, G.L.1956 (1985 Reenactment) § 9–24–7, however, the denial of a preliminary injunction is

not. *Oakley v. Wood*, 423 A.2d 1176 (R.I.1981); *Montaquila v. St. Cyr*, 120 R.I. 130, 385 A.2d 673 (1978). A petition for common-law certiorari is the proper method by which to seek review of the denial of a preliminary injunction. *In re Joseph J.*, 465 A.2d 150 (R.I.1983).

Moreover, perhaps the principal prerequisite for a party seeking injunctive relief is to prove that it is being threatened with some immediate irreparable injury for which there is no adequate legal remedy. *Brown v. Amaral,* 460 A.2d 7 (R.I.1983). Yet no reports, statistical evidence, or other data were offered in evidence before the trial justice by Paramount to justify a finding of irreparable harm.[2] We are of the opinion, therefore, that Paramount did not meet its burden of establishing a prima facie case for relief. We find that the trial justice did not abuse his discretion. Consequently, we hold that the trial justice did not err in denying the preliminary injunction.

For the foregoing reasons, the petition for certiorari is denied and dismissed. The writ heretofore issued is hereby quashed. The papers in the case are remanded to the Superior Court with our decision endorsed thereon.

---

**2.** Even were we to consider the many affidavits that plaintiff filed with this court as part of the appendix to its brief, we would nevertheless find their sum total insufficient on the question of irreparable harm.