Lori LEONE, d/b/a Aldo's Mopeds

v.

TOWN OF NEW SHOREHAM et al.

No. 86–274–Appeal.

Supreme Court of Rhode Island.

Dec. 18, 1987.

Sandra A. Blanding, Charles P. Cavas, Revens & DeLuca, Warwick, for plaintiff.

Deming E. Sherman, Edwards & Angell, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This case comes before the court on an appeal by the town of New Shoreham from a preliminary injunction in favor of the plaintiff, Lori Leone, d/b/a Aldo's Mopeds (Leone). Granted on May 16, 1986, the preliminary injunction enjoined the defendants from interfering in the plaintiff's moped-rental business. We sustain the trial justice's decision.

The facts relevant to this action stem from the 1984 enactment of chapter 19.3 of title 31 of the Rhode Island General Laws. *See* P.L. 1984, ch. 457, § 1. The chapter empowers New Shoreham to establish ordinances regulating the rental of motorized bicycles and tricycles. Prior to the new legislation, prospective licensees applied to the Rhode Island Department of Motor Vehicles for a license. G.L. 1956 (1982 Reenactment) §§ 31-5-33 and 31-5-34. The

plaintiff held such a license in 1983 and 1984. Pursuant to the new law, the town of New Shoreham adopted an ordinance in December 1984 governing such rental businesses. In accordance with the transfer of licensing authority, Leone received her application for a 1985 license from the town.

The ordinance permits the council to issue a maximum of five licenses. It also set February 28, 1985, as a deadline for 1985 applicants to submit their petitions. Another ordinance section provides for the compilation of a waiting list for late filings in order of their submission. In the instant case, plaintiff filed an application on March 14, 1985. Submitted two weeks after the due date, the application lacked the requisite financial statements. Considering the application incomplete, the town council deferred action on Leone's petition at its April 1, 1985 meeting. During that session, the council granted three licenses to previous licensees and denied two submissions. Upon resolution of the appeals process for the two denials and addressing the waiting list in proper order, the five licenses issued, and Leone took first position on the waiting list.

To protect her business for the summer season, Leone filed a complaint and a motion for a preliminary injunction on May 23, 1985. Although the trial justice denied the motion, plaintiff subsequently obtained permission to amend her complaint. Another trial justice granted the preliminary injunction on the amended complaint.[1]

The defendants are attempting to undermine plaintiff's ability to bring suit by contesting her standing. The defendants argue that the Lelo Corporation owns and operates Aldo's Mopeds and is the real party in interest. The agreed statement of facts, however, describes plaintiff as "Lori Leone, d/b/a Aldo's Mopeds." The statement removes any factual controversy pertaining to the agreed facts from the court's consideration. *See Randall v. Norberg,*

1. Leone's motion to amend her complaint was granted on July 22, 1985. The court record discloses that an amended complaint was filed two days prior to the authorization. Leone filed a second amended complaint on August 15, 1985, to which defendants made no response. There is no indication of permission for the second amendment or that the trial justice referred to it.

121 R.I. 714, 717–18, 403 A.2d 240, 242 (1979). It is therefore too late for defendants' claim against Leone's standing.

■■■ The primary argument before the court is whether it was appropriate for the trial justice to hear the amended complaint. The defendants argue that the substantial similarity between the initial and the amended complaints precluded any action by a second trial justice. We disagree with defendants' evaluation of the complaints. The law of the case doctrine provides that, "after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling." *Goodman v. Turner*, 512 A.2d 861, 864 (R.I.1986) (quoting *Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353, 356 (R.I.1983)); *see also Payne v. Superior Court*, 78 R.I. 177, 80 A.2d 159, *reh. denied*, 78 R.I. 188, 82 A.2d 167 (1951). The complaints presently involved do not satisfy this situation. The additional allegations in the amended complaint, as well as the final issuance of licenses, presented significantly different circumstances for the second trial justice's consideration. The law of the case doctrine does not apply when a subsequent motion derives from an expanded record. *Goodman v. Turner*, 512 A.2d at 864. In such circumstances the trial justice has the discretion to decide whether to consider the issue. *Id.; see also Salvadore*, 469 A.2d at 356. The first complaint and motion objected to the enactment and enforcement of the ordinances. When Leone filed those papers in May 1985, the town council had granted only three licenses. The amended complaint, which was filed in July however, also questioned the constitutionality of the state enabling act. At the time of the amended complaint, the town council had issued the remaining licenses. Given these changes,

action on the amended complaint was proper.

The defendants next urge that the trial justice misapplied the standards for granting preliminary relief. It is axiomatic that the decision to grant a preliminary injunction remains within the sound discretion of the trial justice. *Paramount Office Supply Co. v. D.A. MacIsaac, Inc.*, 524 A.2d 1099, 1101 (R.I.1987); *Brown v. Amaral*, 460 A.2d 7, 10 (R.I.1983); *Gilbane Building Co. v. Cianci*, 117 R.I. 317, 320, 366 A.2d 154, 156 (1976). Absent an abuse of that discretion, this court will not disturb the ruling. *Paramount Office Supply Co.*, 524 A.2d at 1101; *J.B. Prata Ltd. v. Bichay*, 468 A.2d 266, 267 (R.I.1983); *Gilbane Building Co.*, 117 R.I. at 320, 366 A.2d at 156.

The equitable determination "involves balancing the equities, weighing the hardships to either side, and examining the practicality of imposing the desired relief." *R.I. Turnpike & Bridge Authority v. Cohen*, 433 A.2d 179, 182 (R.I.1981). Specifically the primary factors include a showing of irreparable harm to a plaintiff, substantial likelihood of the plaintiff's success on the merits, balancing the parties' interests, and preserving the status quo. *See Calenda v. Rhode Island Board of Medical Review*, 565 F.Supp. 816, 818 (D.R.I.1983); *Auburn News Co. v. Providence Journal Co.*, 504 F.Supp. 292, 296 (D.R.I.1980), *rev'd on other grounds*, 659 F.2d 273 (1st Cir.1981); *see also* 11 C. Wright & A. Miller, *Federal Practice & Procedure:* Civil § 2948 (1973). The trial justice's written decision addresses these criteria.[2]

■■■ We agree that plaintiff sufficiently demonstrated both a substantial likelihood of success on the merits and irreparable harm. The agreed statement of facts indicates that beginning in 1983 plaintiff invested substantial amounts of money to purchase mopeds, to lease the business premises, and to obtain insurance and other

**2.** This court has reiterated the necessity of a showing on these separate factors. For example, in *Gilbane Building Co. v. Cianci*, 117 R.I. 317, 319, 366 A.2d 154, 156 (1976), we stated that a showing of substantial likelihood of success is necessary before a preliminary injunction may issue. *See also In re Joseph J.*, 465 A.2d 150, 152 (R.I.1983). Similarly *R.I. Turnpike & Bridge Authority v. Cohen*, 433 A.2d 179, 182 (R.I.1981), holds that irreparable harm is a necessary showing.

business materials. Inability to conduct business during the 1985 summer season would have meant loss of good will to the business from inability to serve returning customers. This constitutes irreparable harm for which there is no adequate legal remedy.

The plaintiff's inability to renew her license indicates the substantial likelihood of her success on the merits. A property interest exists when a person has a "legitimate claim of entitlement" to a benefit. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972). Licenses granted by the government represent property. *Sanderson v. Village of Greenhills*, 726 F.2d 284, 286 (6th Cir. 1984); *see* J. Novak, R. Rotunda and J. Young, *Constitutional Law*, part 3, ch. 15, § II at 529–30, 549–51 (2d ed. 1983). Deprivation of that entitlement, as in the failure to obtain a license renewal, requires a procedure adhering to due-process guarantees, because the continued possession of a license may become essential in the pursuit of a livelihood. *See Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, 94 (1971); *see also* H. McClintock, *Handbook of the Principals of Equity*, ch. 13, § 148 (2d ed. 1948).

The previous Rhode Island case *Tillinghast v. Town of Glocester*, 456 A.2d 781 (R.I.1983), supports this position. In that case we held that the renewal of a license entitles the applicant to due-process protection:

> "Refusing to renew a license has similar effects on a going business as the revocation of a license. When one makes an investment in a business, as the Tillinghasts have, one expects to be able to continue to operate it. To deny this privilege arbitrarily would work an injustice upon the business owner." *Id.* at 784; *see also Anderson v. Utah County Board of County Commissioners*, 589 P.2d 1214 (Utah 1979).

The foundation of due process rests on an opportunity to be heard in a meaningful manner at a meaningful time. *Brock v. Roadway Express*, — U.S. —, ——-——, 107 S.Ct. 1740, 1745–47, 95 L.Ed.2d 239 (1987); *see also Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965). The statute must be interpreted in conjunction with our previous determination that a refusal to renew a license is equivalent in terms of due-process guarantees to the revocation of an issued license. *Tillinghast v. Glocester*, 456 A.2d at 784. Relegating the previous licensee to a waiting list, without assurance of an eventual grant or denial, deprives the plaintiff of an appropriate hearing. A pragmatic reading of the statute supports the conclusion that the plaintiff is entitled to a hearing. Section 31–19.3–3 especially provides that previous licensees had to apply to the town of New Shoreham when their licenses expired. New applicants, however, had to apply to the town as soon as the statute became effective. *Id.* The chapter also contains specific hearing provisions for the denial, suspension, or revocation of a license. *See* §§ 31–19.3–7 and 31–19.3–8. It would be inconsistent to recognize previous licensees in one context and to deny such persons any hearing rights in another. Leone could remain on the waiting list indefinitely. Her position therefore is tantamount to denial of her renewal application. That denial entitles her to a hearing that accords with due process.

For the foregoing reasons, we sustain the trial justice's granting of a preliminary injunction. We remand the case to Superior Court for a hearing on a permanent injunction.