[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court pursuant to plaintiff's motion for a preliminary injunction enjoining the enforcement of a judgment in a previous action C.A. 89-1614. The plaintiff seeks to enjoin said judgment until discovery can be performed in preparation for an oral proof of damages hearing.
FACTS
On March 27, 1989, Lee Parent and Patricia Parent (hereinafter "Parent") filed a complaint against Ideal Concrete Forms, Inc. (hereinafter "Ideal"), in Superior Court C.A. 89-1614. Ideal failed to answer the complaint and a default judgment was entered against Ideal. Ideal did not file a motion to vacate the default judgment. The matter was set for a hearing for oral proof of claim on May 15, 1989 at which time a default judgment was entered for Parent.
On March 27, 1989, Ideal filed a separate complaint C.A. 91-3523.[1] The separate claim was filed to vacate the default judgment entered in C.A. 89-1614.
In May 1991 Ideal was served with a motion to attach relating to C.A. 89-1614. On May 16, 1991 Ideal filed a motion for temporary restraining order and issuance of preliminary injunction pursuant to Super. Ct. R. 65. After a hearing on the motion, Ideal's motion to attach was denied without prejudice. The matter concerning the motion for preliminary injunction enjoining the enforcement of the judgment in C.A. 89-1614 was continued until June 13, 1991. The Court will now address the continued matters.
ANALYSIS
The purpose of a preliminary injunction is to maintain a status quo of the pending controversy. American Medi-Lab v.Kennedy, 492 A.2d 1234 (R.I. 1985). It is well established that the granting of a preliminary injunction is left to the sound discretion of the trial court. Gail Dilibero v. Norma AnnSwenson, No. 90-233-A, slip op. at 6 (R.I. June 10, 1991).Paramount Office Supply Co. v. D.A. MacIsaac, Inc.,
524 A.2d 1101 (R.I. 1987). In order to obtain a preliminary injunction, the plaintiff must satisfy the following four requirements: (1) plaintiff will suffer irreparable harm if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on defendants; (3) plaintiff has established a likelihood of success on the merits; (4) the public interest must not be adversely affected by the granting of the injunction. DiLibero, No. 90-233-A, slip op. at 5; SchoolCommittee of the City of Pawtucket v. Pawtucket Teachers'Alliance Local No. 9030, 117 R.I. 206, 365 A.2d 489 (R.I. 1976).
Parent claims that Ideal's injunctive relief should be denied because Parent did not have to give Ideal notice of the oral proof of damages hearing. Parent's claim is based upon Super. Ct. R. 55(B)(2), which states "If the party whom judgment is sought has appeared in the action the party . . . shall be served with written notice . . . at least three (3) days prior to the hearing on such application." Parent claims, that because Ideal did not make an appearance in C.A. 89-1614, Ideal is not entitled to notice of the hearing. Parent's claim would have merit if Ideal did not file a separate action. Ideal, by filing a separate action, is rightfully before the court pursuant to Super. R. Civ. P. 60(B).
In the case at bar, Ideal would suffer irreparable harm unless the preliminary injunction is granted. The potential harm to Ideal outweighs any harm to defendants. Justice demands a hearing solely on the issue of damages.
Finally, Ideal states that it is entitled to discovery prior to the hearing. Ideal relies upon Breshforth v. Zampini,576 A.2d 1197 (R.I. 1990). In Zampini, a party who filed a motion to vacate was permitted to have discovery in preparation for and oral proof of claim hearing relative to damages. Id. at 1200. In the case at bar Ideal filed a separate action instead of a motion to vacate. The fact that Ideal filed a separate action should not bar it from discovery. In Zampini, the court stated one of the criteria in allowing discovery is whether "counsel for the defaulting defendant can make any material contribution in aiding the trier of fact in the search for truth." Id. at 1201. This Court finds that Ideal may employ the discovery process on the limited question of damages.
For the above reasons, Ideals motion for a preliminary injunction until discovery can be performed is granted. Counsel shall prepare the appropriate order for entry.
[1] A separate action was filed pursuant to Super. Ct. R. 60(B) because the one year statute of limitations prohibiting filing a motion to vacate in C.A. 89-1614 had passed.