[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff Comprehensive Rehabilitation Associates, Inc. ("CRA") instituted this action on August 13, 1991. CRA's action is directed against Christine A. Driscoll ("Driscoll") and Rehabilitation Professionals, Inc. ("RP") (collectively "Defendants"). The dispute arises out of the operation of a business called Work Lab, Inc. ("Work Lab").
The complaint has three counts: 1) a request for declaratory relief as to the interpretation of the Agreement Not to Compete dated October 1, 1990 (Plaintiff's Exhibit 1); 2) an alleged breach of contract of the Agreement Not to Compete; and 3) alleged conversion by Defendants of certain files and property connected with the business of Work Lab. CRA seeks a preliminary injunctive relief which would 1) give CRA control of disputed files presently in exclusive possession of Driscoll and Work Lab, and 2) prohibit Driscoll from violating the Agreement Not To Compete.
At a hearing held on August 23 and 26, 1991 Plaintiff presented testimony by the chief executive officer of CRA, Lois Silverman, and a manager of CRA, Evelyn Davis. Defendants presented testimony by Driscoll. Testimony of Bruce K. Komiske, Vice President of Planning, Marketing and Business Development at Rhode Island Hospital was presented by way of deposition.
In order to prevail on a motion for preliminary injunction, four separate elements must be shown: 1) a probability of success on the merits; 2) immediate irreparable harm for which there is not adequate remedy at law; 3) a balancing of the equities in favor of the movant; and 4) that the public interest will be served. See, e.g., Pawtucket Teachers' Alliance Local No.920, AFT, AFL-CIO v. Brady, 556 A.2d 556, 557 (R.I. 1989). The Plaintiff bears the burden of proof in demonstrating that the extraordinary relief of a preliminary injunction is necessary.Paramount Office Supply Co., Inc. v. O.A. MacIsaac, Inc.,524 A.2d 1099, 1101-02 (R.I. 1987); Jacob v. Burke, 110 R.I. 661,296 A.2d 456 (1972).
CRA has not demonstrated a probability of prevailing on its claim with respect to the Work Lab records. CRA has also not demonstrated a probability of prevailing on the non-competition issue.
Although there is substantial agreement on many of the facts, there is no way to reconcile the testimony as to exactly what the parties believed was the ultimate nature of the business relationship as to the ownership of Work Lab files and to the scope of both the non-competition clause. There are numerous factual issues which require a decision as to the credibility of the witnesses, a matter which should be resolved at a trial on the merits. Where there is a close factual dispute which could go either way, a court is reluctant to issue an injunction pending litigation. See Scuncio Motors, Inc. v. Subaru of New England,Inc., 555 F. Supp. 1121 (D.R.I. 1982), aff'd, 715 F.2d 10 (1st Cir. 1983).
While CRA may suffer damage to its business reputation in the event it ultimately succeeds on the merits, it would certainly be possible with appropriate instruction by the Court for a factfinder to compensate for such damage. Accordingly, CRA has not demonstrated irreparable harm.
The Court is also troubled by a potential adverse effect upon the public interest by allowing CRA access to the Work Lab files. Rhode Island's Confidentiality of Health Care Information Act, R.I. Gen. Laws § 5-37.3-1 et seq., provides that confidential health care information shall not be released or transferred without the written consent a patient unless certain exceptions are met. Id. § 5-37.3-4(a). Arguably, none of the exceptions defined in Sections 4 through 8 are applicable. Accordingly, the public interest would best be served by preserving the status quo until such time as this action can be tried on the merits.
A balancing of equities in this particular case suggest that the status quo remain in place until the matter is tried on the merits. In that regard it should be noted that, to the extent that CRA may have had a concern with respect to the maintenance of the disputed files pending resolution of the lawsuit, such concern was mooted prior to the institution of the lawsuit. Counsel for both parties, by written agreement, agreed "that pending resolution and/or adjudication of a pending dispute between the respective parties, all files presently located in the office of Work Lab at R.I. Hospital, and that neither of the parties, nor agents on behalf of the parties, shall remove or attempt to remove such files except by agreement between the parties or by order of a court of competent jurisdiction."
That agreement should remain in effect and in fact shall now be entered as an order of this Court. Counsel should submit an order consistent with the Court's decision.