[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is presently before this court on cross-motions for injunctive relief. The instant proceedings arose out of Joan Allen's and David Carcieri's ("plaintiffs") complaint for declaratory and injunctive relief concerning a non-competition agreement between them and the defendant, Creative Services, Inc. (Creative). Plaintiffs move this court to issue a preliminary injunction enjoining defendant from enforcing the terms of the non-competition agreement. Creative moves this court to deny plaintiffs' motion and grant its motion for a preliminary injunction enjoining plaintiffs from violating the terms of the non-competition agreement.
CASE TRAVEL
Creative is an investigative and security consulting firm specializing in the handling of corporate, legal, and insurance investigations. Plaintiffs, Allen and Carcieri, are former employees of Creative. Plaintiffs now wish to form a partnership to continue their careers as private investigators.
Plaintiffs initiated this action to determine their rights and obligations with respect to their past employment with Creative. Pending the final resolution of this matter, plaintiffs move for a preliminary injunction enjoining Creative from enforcing their respective non-competition agreements. Plaintiffs contend that said agreements are invalid, as they are an impermissible restraint of trade, are overly broad, and not necessary to protect a legitimate interest of Creative. Creative, likewise, has moved this court to issue a preliminary injunction enjoining plaintiffs from violating the terms of their respective agreements.
The Preliminary Injunction
It is axiomatic that the decision to grant a preliminary injunction is within the sound discretion of the trial justice.Leone v. Town of New Shoreham, 534 A.2d 871, 873 (R.I. 1987) (citing, Paramount Office Supply Co. v. D.A. MacIsaac, Inc.,524 A.2d 1099, 1101 (R.I. 1987); Brown v. Amaral, 460 A.2d 7, 10 (R.I. 1983); Gilbane Building Co. v. Cianci, 117 R.I. 317, 320, 366 A.2d 154, 156 (1976)). In its determination the court considers several factors specifically: (1) the likelihood of success on the merits by the party seeking relief; (2) a showing of irreparable harm to the party seeking relief; (3) balancing the parties' equities; and (4) preserving the status quo. Leone
at 873.
Likelihood of Success on the Merits
While it is critical for a party seeking a preliminary injunction to demonstrate a probability of success on the merits, a party need not prove its claim at the preliminary injunction stage, only that it is likely to be able to prove its claim later. Kleczek v. Rhode Island Interscholastic League,765 F. Supp. 951 (D.R.I. 1991) (citing, Narrgansett Indian Tribe v.Guilbert, 934 F.2d 4, 5 (1st Cir. 1991)). In the instant case, this court is satisfied that Creative has demonstrated a likelihood of success on the merits.
Plaintiffs allege that the non-competition agreements are not enforceable against either Allen or Carcieri. Plaintiff Allen alleges that the agreement signed by her should be rescinded because of Creative's misrepresentation about its enforceability. Plaintiff Carcieri testified that he does not remember signing the non-competition agreement sought to be enforced against him. Carcieri further claims that Creative's failure to produce the original writing violates the best evidence rule, because it has unsatisfactorily accounted for its absence. However, based on a totality of all the evidence presented at the hearing concerning the circumstances surrounding the execution of the employment agreements by the plaintiffs, this court is satisfied that there is a likelihood of success by Creative on the issues surrounding the execution of the respective agreements.
With respect to the likelihood of success on the merits, the determination of whether a restrictive covenant is reasonable is ultimately a question of law to be determined by the court.Durapin, Inc. v. American Products, Inc., 559 A.2d 1051, 1053 (R.I. 1989) (citing, Chapman Drake v. Harrington,545 A.2d 645, 647 (Me. 1988)). The Rhode Island Supreme Court has stated that before a court reaches this question, however, the party seeking to enforce a non-competition provision must show that (1) the provision is ancillary to an otherwise valid transaction or relationship, (2) the provision is supported by adequate consideration, and (3) there exists a legitimate interest that the provision is designed to protect. Durapin at 1053; see also Restatement (Second) Contracts § 187 (1981); Wood v. May,73 Wn.2d 307, 310-11, 438 P.2d 587, 589-90 (1968); Max Garelick,Inc. v. Leonardo, 105 R.I. 142, 149, 250 A.2d 354, 357 (1969). Here, the restrictive covenants involved are clearly ancillary to a valid employment contract and supported by adequate consideration.
However, plaintiffs contend that no legitimate interest of Creative is being protected by the provisions. As such, plaintiffs argue that the restraint is unreasonable, in restraint of trade and thereby invalid. Dialmedia Inc., v. Schiff,612 F. Supp. 1483 (D.R.I. 1985). The plaintiffs contend that Creative has failed to establish how any of the alleged confidential and proprietary information has risen to the level of a "trade secret" so as to warrant enforcement of the non-competition provisions.
While every business interest is not worthy of protection through a restrictive covenant, a business interest worthy of such protection need not rise to the level of a "trade secret." Courts have found that knowledge of a customer's special needs and the goodwill the employer acquired through dealings with his customers are legitimate business interests protectable through a restrictive covenant. See, Rego Displays, Inc. v. Fournier,119 R.I. 469, 474, 474, 379 A.2d 1098, 1101 (R.I. 1977); FossomFuneral Service, Inc. v. Rodgers, 6 Mass. App. 843f,372 N.E.2d 532 (1978).[1] Here, this court is satisfied that Creative will probably ultimately prevail on the merits as to the existence of a protectable legitimate business interest. Through their employment with Creative, plaintiffs were exposed to and had access to various confidential and proprietary information ranging from training manuals and investigative techniques to lists of confidential sources as well as information concerning client's specialized needs and client files containing work product of Creative employees. Furthermore, plaintiffs admitted that such information's protection is a legitimate business interest and that such information in the hands of a competitor would be disastrous to Creative. Such information and the circumstances surrounding the situation give Creative a reasonable probability of ultimate success on the merits with respect to Creative's possessing a legitimate business interest.
Besides a finding that the restrictive covenant in question is ancillary to a valid employment contract, supported by adequate consideration and designed to protect a legitimate business interest, the court needs to examine whether the restraint is greater than is needed to protect the legitimate interest or whether the need to protect the legitimate interest is outweighed by the hardship to the restricted party and likely to injure the public. Restatement (Second) of Contracts § 188 (1979). The non-competition agreements must be no greater in time and territory than is required to reasonably protect the employer's interest.
Here, the non-competition provision contained in Allen's employment agreement applies for a term of eighteen (18) months in the geographic area in which Allen performed services during her employment with Creative. Carcieri's employment agreement contains a non-competition agreement with no geographic limitation but a time period of one (1) year. Plaintiffs contend that both agreements are overly broad, in that they extend beyond what is necessary to protect the interests of Creative.
Here, the one (1) year and eighteen (18) month restrictions under the circumstances are not unreasonable. Such time restraints are within the length of time necessary for Creative to protect its legitimate business interests. See, RegoDisplays, Inc. v. Fournier, 119 R.I. 469, 379 A.2d 1098, (1977);Blackwell v. E.N. Helides, Jr., Inc., 368 Mass. 225,331 N.E.2d 54 (1975).
The geographic limitation in the employment agreement of Allen applies to the area where Allen performed services during her employment with Creative. Plaintiffs contend that such a restriction is too broad and unduly harsh, since such an area includes Massachusetts, Connecticut and Rhode Island. However, by enforcing the restriction in these areas, Creative is attempting to protect its legitimate business interests and goodwill in the area where Allen's involvement was most significant.
Plaintiff contends that the lack of any geographic restriction in Carcieri's employment agreement is an indication of bad-faith by Creative and therefore not entitled to enforcement. However, a court may, unless it finds bad-faith or deliberate overreaching on the part of the employer, modify an otherwise unreasonable restraint so as to permit enforcement. Durapin,Inc. v. American Products, Inc., 559 A.2d 1051 (R.I. 1989). This court does not at this point find that Creative's conduct indicates bad-faith and concludes that, like the restriction for Allen, Carcieri's non-competition provision could apply to those areas where he performed services during his employment with Creative.
The Showing of Irreparable Harm
Furthermore, this court finds that Creative will suffer irreparable harm for which there is no adequate remedy at law if this preliminary injunction is not granted. Plaintiffs, through their employment with Creative, acquired confidential and proprietary information essential to the operation of Creative. Plaintiffs are in a position where use of this information they acquired is likely to cause economic harm to Creative. More importantly, Creative will suffer a loss of goodwill to their business from the disclosure of such sensitive information. "This constitutes irreparable harm for which there is no adequate legal remedy." Leone v. Town of New Shoreham, 534 A.2d 871, 874 (R.I. 1987).
Balance of the Equities
The court recognizes plaintiffs' struggle to find economic security in these economically harsh times. However, this in no way alters the court's finding that the balance of the equities in this action lies in favor of Creative. The restrictions placed on plaintiffs are outweighed by the irreparable harm Creative will suffer if their injunction is not granted. The confidential and proprietary information sought to be protected by Creative will lose its confidential character if it is disclosed. The only way to prevent such disclosure prior to this case being finally heard on the merits, is through the issuance of a preliminary injunction.
Status Quo
Plaintiffs, by their motion for preliminary injunction, are in essence asking for a decision on the merits. However, "a preliminary injunction is not ordinarily to achieve a final and formal determination of the rights of the parties or of the merits of the controversy." Coolbeth v. Berberian,112 R.I. 558, 313 A.2d 656, 659 (1974). "The purpose of a preliminary injunction is merely to hold matters approximately in status quo, until the cause may be properly and finally heard and determined on its merits". Studley Land Co. v. Myers, 81 R.I. 426, 431,103 A.2d 924, 926 (1954). A granting of Creative's preliminary injunction will fulfill this purpose.
Accordingly, plaintiffs' motion for a preliminary injunction is denied. Defendant Creative's motion for a preliminary injunction is hereby granted.
Counsel shall prepare the appropriate order.
[1] Defendant directs the court's attention to the Massachusetts choice-of-law provision contained in Allen's employment agreement. Creative states that Massachusetts bears a relationship to Allen's employment agreement because it is the place of Creative's incorporation and principal place of business, as well as the place where Allen signed the employment agreement. Creative correctly points out that Rhode Island will enforce choice-of-law provisions in contracts as long as the jurisdiction selected "has a real relation to the contract."Owens v. Hagenbeck-Wallace Shows Co., 38 R.I. 162, 174,192 A. 158 (1937). This court finds that there are no significant variations between the Rhode Island and Massachusetts case law. Therefore, this decision is primarily decided on the basis of Rhode Island law, citing Massachusetts cases for the convenience of the parties.