STATE OF CONNECTICUT *v.* JAMES EVANS
(5104)

DUPONT, C. J., HULL and DALY, Js.

Argued February 11—decision released May 5, 1987

*Beth Mirkin,* with whom, on the brief, was *Stephen V. Moran,* for the appellant (defendant).

*James G. Clark,* assistant state's attorney, with whom, on the brief, were *Michael Lawlor,* assistant state's attorney, and *Linda L. Yoder,* special attorney, for the appellee (state).

DALY, J. After a jury trial, the defendant was convicted of two counts and acquitted of one count of perjury in violation of General Statutes § 53a-156 (a).[1] On appeal, the defendant claims that the trial court erred in permitting the prosecutor to interject his personal opinion as to the defendant's guilt and credibility in his closing argument. We find no error.

The jury could reasonably have found the following facts. On January 10, 1984, Michael O'Keefe, the complainant, while visiting with his mother-in-law, observed two black males drive off in the mother-in-law's car. He pursued the two in his own car. Because of snowy conditions, the thieves lost control of the car and abandoned the vehicle. The complainant then chased the culprits on foot until one of the individuals turned and shot him in the shoulder. Footprints in the snow led police from the scene of the shooting to the home of Terrance Biggs who was later arrested and charged with larceny and assault.

At the Biggs trial, a New Haven police detective testified that he had been informed by Elizabeth Lopez that the defendant told her that he and Biggs had stolen a car together, and that Biggs shot the man who chased them. The detective also testified that the defendant himself stated to him that Biggs shot their pursuer.

The defendant, however, testified at the Biggs trial that he had stolen the car with Jose Santiago rather

---

[1] General Statutes § 53a-156 (a) provides: "A person is guilty of perjury if, in any official proceeding, he intentionally, under oath, makes a false statement, swears, affirms or testifies falsely, to a material statement which he does not believe to be true."

than Biggs and that Santiago shot the pursuer. The defendant denied having had a conversation with either Lopez or the police detective in which he implicated Biggs. At the trial, the complainant identified Biggs as his assailant. Biggs was subsequently convicted.

As a result of the testimony given during the Biggs trial, the defendant was charged with three counts of perjury: (1) testifying that Santiago and not Biggs had stolen the car, and then shot the pursuer; (2) denying that he told the New Haven police detective that Biggs was the culprit; and (3) denying that he told Lopez of Biggs' participation. In the perjury trial, Santiago denied both the shooting of O'Keefe and the stealing of the car. Lopez and the police detective both testified that the defendant had admitted involvement in the incident, with Biggs as his companion. Following the judgment of conviction on the first and third counts of perjury, the defendant appealed.

The defendant claims the prosecutor resorted to improper argument on three occasions during his summation: First, when he stated "We do know that Evans came in and lied on the stand for his friend Terrance Biggs"; second, "This was a blatant lie in a court by Mr. Evans"; and third, "That was a bold faced lie to get Biggs off the hook."

We note that at trial the defendant objected to and excepted to only one sentence in the prosecutor's summation. On appeal, however, the defendant requests that we also review two additional phrases. Defense counsel's objection to one phrase was overruled by the trial court. The fact that he did not object to two similar phrases during the remainder of the summation, because of a belief that such objections would be futile in light of the court's previous rulings, cannot reasonably be interpreted as a waiver of the two subsequent claimed errors. See *State* v. *Higgs,* 143 Conn. 138, 145,

120 A.2d 152 (1956). The claim that the prosecutor should not have called the defendant a liar or the variations of that remark during summation was distinctly raised at trial. Practice Book § 4185 (formerly § 3063). We will, therefore, review all three of the statements.

The prosecutor's role in a criminal case is different from that of an ordinary advocate. The prosecutor's duty is to ensure that justice is done. He must avoid inflaming the prejudices of the jury and endeavor to impede wrongfully made decisions. *State* v. *Falcone,* 191 Conn. 12, 22, 463 A.2d 558 (1983); *State* v. *Floyd,* 10 Conn. App. 361, 364, 523 A.2d 1323 (1987). The prosecutor must also avoid arguments which might divert the jury's attention from their duty to decide the case on the evidence. This does not mean, however, that a prosecutor cannot present a strong and cogent argument. *State* v. *Couture,* 194 Conn. 530, 562, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985); *State* v. *Carr,* 172 Conn. 458, 470, 374 A. 2d 1107 (1977); *State* v. *Allen,* 9 Conn. App. 169, 178, 517 A.2d 1043 (1986). The state's attorney, however, has neither a duty nor even a right to stigmatize a defendant. *State* v. *Couture,* supra, 562.

When the verdict in a criminal case is challenged on the basis of allegedly prejudicial remarks made by the prosecutor, the defendant bears the burden of proving such prejudice within the context of the trial as a whole. "The fairness of the trial and not the culpability of the prosecutor is the standard for analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct." *State* v. *Binet,* 192 Conn. 618, 628, 473 A.2d 1200 (1984); see also *State* v. *Doehrer,* 200 Conn. 642, 654, 513 A.2d 58 (1986); *State* v. *Palmer,* 196 Conn. 157, 163, 491 A.2d 1075 (1985); *State* v. *Glenn,* 194 Conn. 483, 491, 481 A.2d 741 (1984); *State* v. *Ubaldi,* 190 Conn. 559, 562, 462

A.2d 1001, cert. denied, 464 U.S. 916, 104 S. Ct. 280, 78 L. Ed. 2d 259 (1983); *State* v. *Floyd,* supra.

While it is true that counsel must be afforded leeway in argument, since the " 'limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of argument' "; *State* v. *Magnotti,* 198 Conn. 209, 220, 502 A.2d 404 (1985), quoting *State* v. *Ubaldi,* supra, 575; it has also been held that a deliberate effort by a prosecutor to influence the jury against the defendant through the attempted introduction of clearly inadmissible evidence may entitle the defendant to a new trial. *State* v. *Glenn,* supra, 493.

The question on appeal then, is whether the prosecutor's conduct was so improper that no curative instruction could remove its prejudicial impact, thereby rendering the trial as a whole unfair. The resolution of this question is necessarily limited by the facts in the case. See *State* v. *Couture,* supra, 562–63.

Here, the prosecutor specifically pointed out to the jury that "it is not [defense counsel's] recollection of the testimony or my recollection of the testimony that matters. . . . We are just arguing to you our respective cases." In addition, the defendant was on trial for perjury, which by definition means "the willful telling of a lie while under lawful oath." Webster's New World Dictionary (Second College Ed.). Thus, lying and lies is what this case was all about.

The action of the trial court in overruling the defendant's objection is entitled to great weight because the trial court is in a much better position than we are to observe and evaluate the circumstances of the trial, and to determine whether the challenged remarks so infected the trial as to render it constitutionally unfair.

*State* v. *Glenn,* supra, 493; *State* v. *Evans,* 165 Conn. 61, 65, 327 A.2d 576 (1973). The court instructed the jury to decide the case on the basis of the evidence and not by judging the lawyers or by relying on the lawyers' comments on the evidence. Such a curative instruction is generally given great weight and prevents an appellate court from finding reversible error. *State* v. *Fernandez,* 198 Conn. 1, 17, 501 A.2d 1185 (1985); *State* v. *Jenkins,* 8 Conn. App. 35, 44, 510 A.2d 1370 (1986). Juries are presumed to have followed the court's instructions unless there is some indication to the contrary. *State* v. *Glenn,* supra, 497. There is no such indication in this case. In fact, the defendant has never claimed, either at the trial or on appeal, that the curative instruction was flawed in any way. See *State* v. *Ubaldi,* supra, 563.

The fact that the jury convicted the defendant of two counts of perjury yet acquitted him of a third suggests that the jury exercised independent judgment and was not unfairly prejudiced against the defendant by the prosecutor's comments. See *State* v. *Wiggins,* 7 Conn. App. 95, 102, 507 A.2d 518 (1986).

We conclude that the trial as a whole was fair and that the defendant was not unduly prejudiced by the challenged segments of the prosecutor's summation.

There is no error.

In this opinion the other judges concurred.